**Sharon SABO, Individually and as Personal Representative of the Estate of Helen P. Altieri, Deceased, Appellant**

v.

**V. Thomas WORRALL III, M.D.; Three Rivers Orthopedic Associates–UPMC; UPMC St. Margaret; Siri M.B. Desilva, M.D.; and Michael Trombley, M.D., Appellees.**

Superior Court of Pennsylvania.

Argued May 20, 2008.

Filed Sept. 22, 2008.

Reargument Denied Nov. 26, 2008.

Norma Chase, Pittsburgh, for appellant.

John W. Jordan IV, Pittsburgh, for appellants.

BEFORE: MUSMANNO, POPOVICH, and HUDOCK, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Sharon Sabo, individually and as personal representative of the Estate of Helen P. Altieri, deceased, appeals the judgment of *non pros* entered in favor of Appellees V. Thomas Worrall III, M.D., Three Rivers Orthopedic Associates—UPMC, UPMC St. Margaret, Siri M.B. DeSilva, M.D., and Michael Trombley, M.D., claiming that her counsel's omission in filing certificates of merit ("COM") being inadvertent, the trial court abused its discretion in not opening the judgment of *non pros*. We reverse.

¶ 2 The relevant facts and procedural history of this case are not in dispute. On the 16th day of June, 2006, Appellant filed a complaint seeking damages for the wrongful death of Helen P. Altieri attributable to Appellees' medical malpractice. On August 17, 2006, Appellees filed a *praecipe* for the entry of a judgment of *non pros* when Appellant failed to file a COM pursuant to Pa.R.C.P. 1042.6.[1] The next day, Appellant received notice that a judgment of *non pros* had been entered pursuant to Pa.R.C.P. 1042.3.[2] On September 12, 2006, a petition to open the judgment of *non pros* was filed claiming that Appellant's expert (Dr. Gary J. Sprouse) had completed a report dated February 27, 2006, which stated that the care provided by Appellees fell below the standard of medical care owed to Ms. Altieri and caused her harm.[3] The trial court noted that Dr. Sprouse's deposition supported Appellant's medical malpractice claim.

¶ 3 In the petition to open and the affidavit of Appellant's counsel,[4] it was

---

1. Rule 1042.6 states in pertinent part:

   Rule 1042.6. Entry of Judgment of Non Pros for Failure to File Certification
   (a) The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate.
   Pa.R.C.P. 1042.6.

2. Rule 1042.3 provides in relevant part:

   Rule 1042.3. Certificate of Merit
   (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that [...]
   (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such

   conduct was a cause in bringing about the harm [...]

   * * * *

   (d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. The motion to extend the time for filing a certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.
   Pa.R.C.P. 1042.3(a)(1), (d).

3. After several days of treatment in ICU, where Ms. Altieri was on a respirator and intubated, she declined further care. Once Ms. Altieri was removed from the ventilator, she died.

4. Counsel's "Affidavit" in support of Appellant's petition to open judgment of *non pros* states, as herein relevant:
   4. [Appellant's counsel] commenced this action by Writ of Summons filed on March 13, 2006. The Complaint was filed on June 16, 2006 and within several days Certificates of Merit as to all [Appellees] were prepared and placed in [counsel's] file. After reviewing these, [Appellant's counsel]

averred that within several days of filing the complaint a COM was prepared and placed in counsel's file. After counsel reviewed the COM for each Appellee, he believed they were filed with the prothonotary by his paralegal, but this assumption proved erroneous with his receipt of the entry of the *non pros* judgments. Appellant perfected an appeal from the trial court's denial of the petition seeking to open the judgment of *non pros* claiming that counsel's failure to assure that his paralegal filed the COM was excusable as a mere clerical oversight, especially given counsel's possession of his expert's report of medical malpractice by Appellees prior to filing the COM pursuant to Rule 1042.3.

¶ 4 More particularly, Appellant claims that the trial court's reliance upon *Womer v. Hilliker*, 589 Pa. 256, 908 A.2d 269 (2006), was misplaced in that here, counsel incorrectly assumed that the COM was filed after the expert's report had been secured, whereas in *Womer*, the plaintiff's counsel had mistakenly believed that he had complied with Rule 1042.3 by serving the defendant with a copy of his expert's report. The Pennsylvania Supreme Court took the position that the mistake alleged by counsel was not a reasonable explanation allowing for the opening of the judgment of *non pros*.

¶ 5 Herein, the trial court's previous practice was to allow a judgment of *non pros* to be opened when the plaintiff obtained a written statement from a licensed professional that there existed a reasonable probability that the care provided fell outside acceptable professional standards and that such conduct was a cause in bringing about harm, provided such statement was secured prior to the date a judgment of *non pros* could be entered for failure to file a COM. This practice was consistent with *Harris v. Neuburger*, 877 A.2d 1275 (Pa.Super.2005) (delivery of an expert report to the defendants' counsel by the plaintiff's attorney satisfied Rule 1042.3), but *Neuburger* was disapproved of by *Womer*. *Id.*, at 271 n. 10, 908 A.2d at 278–79 n. 10. Thus, the trial court did not embrace Appellant's expansive reading of *Womer* to sanction the omission in this case as excusable conduct even though it was the result of a clerical oversight.

¶ 6 In *Womer*, the plaintiff took no steps to file a COM in accordance with Rule 1042.3. Upon *praecipe* of the defendant, the trial court entered a judgment of *non*

believed that the Certificates of Merit were then filed within several more days, within a week of the filing of the Complaint.

5. [Appellees] filed a *Non Pros* Judgment on August 17, 2006.

6. [Appellant's counsel] did not learn that the Certificates of Merit had not been filed until [he] received notice of the entry of judgment of *non pros*, on August 18, 2006. [Appellant's counsel] found the Certificates of Merit in [his] file; they had not been filed with the Prothonotary.

7. [Appellant's counsel] assumed that the Certificates of Merit had been filed by [his] paralegal, until [he] received notice of the *non pros* judgment.

8. The Certificates of Merit were not filed due to an inadvertent mistake or oversight of counsel, and not a deliberate decision not to comply with Rule 1042.3.

9. [Appellant's counsel] attempted to satisfy the purpose of Rule 1042.3 by obtaining an expert report and preparing Certificates of Merit prior to filing the Complaint.

10. [Appellant's counsel] did not file a motion to extend the 60–day period for filing the Certificates of Merit as [he] believed that the Certificates had been filed, and that no extension was therefore necessary.

11. The Certificates of Merit were not filed prior to the entry of *non pros* due to an inadvertent error of counsel, and not a deliberate decision to ignore the Rules of Civil Procedure. This mistake had never been made before by [Appellant's counsel's] office.

*See* Reproduced Record at 39a–40a.

*pros* pursuant to Rule 1042.6 for failing to file the COM. The plaintiff immediately filed a motion to open the judgment based upon the fact that he had served an expert report on the defendant prior to Rule 1042.3's time limit having expired, that this information included everything Rule 1042.3 required, that the defendant was not prejudiced, and that counsel's oversight or mistake caused the omission. The Pennsylvania Supreme Court disagreed and denied the petition to open the judgment of *non pros,* and in the course of doing so stated, as herein relevant:

> In this appeal, our primary focus is on Pa.R.C.P. No. 1042.3 and whether it is subject to equitable exceptions. We first observe that the Pa.R.C.P. No. 1042.3 itself sets forth no exceptions, equitable or otherwise, to its terms. [ . . . ] Therefore, in this regard, we focus, as did the lower courts and the parties, on Pa.R.C.P. No. 126, and consider whether the Superior Court should have allowed Rule 126 to play any part in excusing Womer's failure to file a Rule 1042.3 COM.

> It is self-evident that our Rules of Civil Procedure are essential to the orderly administration and efficient functioning of the court. Accordingly, we expect that litigants will adhere to procedural rules as they are written, and take a dim view of litigants who flout them. *See Wood v. Garrett,* 353 Pa. 631, 46 A.2d 321, 323 (1946). That said, we have always understood that procedural rules are not ends in themselves, and that the rigid application of our rules does not always serve the interests of fairness and justice. *Pomerantz v. Goldstein,* 479 Pa. 175, 387 A.2d 1280, 1281 (1978). It is for this reason that we adopted Rule 126, which provides in pertinent part that "[t]he court at every stage of any such action or proceeding may disregard any error or defect of

procedure which does not affect the substantial rights of the parties." Pa. R.C.P. No. 126. With this language, we incorporated equitable considerations in the form of a doctrine of substantial compliance into Rule 126, giving the trial courts the latitude to overlook any *"procedural defect"* that does not prejudice a party's rights. *Sahutsky v. H.H. Knoebel Sons,* 566 Pa. 593, 782 A.2d 996, 1001 (2001) (*quoting Kurtas v. Kurtas,* 521 Pa. 105, 555 A.2d 804, 806 (1989)); *Pomerantz,* 387 A.2d at 1281. Thus, while we look for full compliance with the terms of our rules, we provide a limited exception under Rule 126 to those who commit a misstep when attempting to do what any particular rule requires. Moreover, we made Rule 126 a rule of universal application, such that the trial court may disregard any such procedural defect or error at every stage of any action or proceeding to which the civil procedural rules apply. *See id.* Therefore, as a general proposition, Rule 126 is available in professional liability actions and may be applied to Pa.R.C.P. No. 1042.3, as long as its requirements, as we have articulated them, are met.

\* \* \* \*

Turning to Pa.R.C.P. No. 126's application to the instant action, Hilliker argues that since Womer did not file a COM, even one that was defective, the trial court correctly determined that this was a situation of a party's non-compliance and that therefore, Pa.R.C.P. No. 126 should not be considered. Womer counters that since the Report he gave to Hilliker set forth the information that a COM would have provided and fulfilled Pa.R.C.P. No. 1043's purpose to show that he had a meritorious claim, he demonstrated substantial compliance, such that the Superior Court properly over-

looked his failure to file a COM under Pa.R.C.P. No. 126, given the equities he presented.

In our view, Hilliker's position is the correct one, since Womer took no steps to comply with Pa.R.C.P. No. 1042.3. Rule 1042.3 is clear and unambiguous in its mandate that in every professional liability action a specific representation about the plaintiff's claim must be filed in the official record in a document called a "certificate of merit" at the time the complaint is filed or within sixty days thereafter. Pa.R.C.P. No. 1042.3.

\* \* \* \*

Womer, however, did nothing of the sort. Rather, he served discovery materials on Hilliker, which included an expert report. In our view, this was no procedural misstep within the meaning of Pa.R.C.P. No. 126. It was instead, a wholesale failure to take any of the actions that one of our rules requires, of the type that we have heretofore refused to overlook under Rule 126. *See Sahutsky,* 782 A.2d at 1001.

In contending that even though he made no effort to follow Pa.R.C.P. No. 1042.3's requirements, Rule 126 can apply in his circumstances because he fulfilled Rule 1042.3's purpose, Womer is essentially arguing that the doctrine of substantial compliance in Rule 126 not only excuses a party who commits a procedural misstep in attempting to do that which a rule instructs, but also excuses a party who does nothing that a rule requires, but whose actions are consistent with the objectives he believes the rule serves. This is simply not so. The equitable doctrine we incorporated into Rule 126 is one of *substantial* compliance, not one of *no* compliance. We reiterate what our case law has taught: Rule 126 is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the procedure that we have adopted to enhance the functioning of the trial courts. *See Sahutsky,* 782 A.2d at 1001; *Commonwealth v. Metz,* 534 Pa. 341, 633 A.2d 125, 127 (1993). Therefore, we conclude that Womer did not substantially comply with Pa.R.C.P. No. 1042.3 for purposes of Pa.R.C.P. 126's application, and hold that the Superior Court erred in including Pa. R.C.P. No. 126 as a factor in its analysis as to whether the trial court correctly denied Womer's request that the judgment of *non pros* be opened.

*Womer,* at 269–71, 908 A.2d at 276, 277–78 (footnotes omitted; emphasis in original). In *Womer,* the Pennsylvania Supreme Court also rejected as reasonable the excuse Womer gave under Pa.R.C.P. 3051[5] for not filing a COM—his belief that he did not need to do so because he substantially complied with Pa.R.C.P. 1042.3 by giving Hilliker the expert's medical report. *Id.,* at 272, 908 A.2d at 279–80.

¶ 7 In this Court's view, Appellant's failure to file a COM was not a procedural mistake, but neither was it a wholesale

---

5. Rule 3051 provides:

Rule 3051. Relief from Judgment of Non Pros

(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

    (1) the petition is timely filed,

    (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

    (3) there is a meritorious cause of action.

Pa.R.C.P. 3051.

failure to take **any** action required by our Rules of Civil Procedure concerning a COM. Unlike in *Womer*, Appellant here did prepare a COM, and the failure to file was an inadvertent mistake or oversight by counsel's paralegal. In contrast, Appellant in *Womer* took it upon himself to conclude that submitting an expert's report to the opposition "substantially complied with Pa.R.C.P. 1042.3." *Womer*, 908 A.2d at 280. Such was not the case *sub judice*.

¶ 8 Further, Appellees are not prejudiced by allowing Appellant's untimely filing of a COM, nor is the spirit of Rule 1042.3 (curtailing meritless malpractice suits) compromised. Appellant's counsel had prepared the required COM, but the filing was not impeded by any intent to substitute an alternative document for a COM under the guise of our Rules of Civil Procedure. *Contrast Womer, supra.* Quite the opposite is true, *i.e.*, the already prepared COM would have been submitted timely but for the paralegal's failure to file the COM with the prothonotary, which Appellant's counsel believed had been accomplished until he received notice of the entry of a judgment of *non pros*. We find such inadvertent mistake or oversight by Appellant's counsel (*via* his paralegal) to be a reasonable explanation or legitimate excuse for the delay. *See, e.g., Jung v. St. Paul's Parish*, 522 Pa. 167, 560 A.2d 1356, 1360 (1989) (where reasonable excuse proffered for failing to file timely a complaint was counsel's secretary's confusion and mistake, Pennsylvania Supreme Court held that trial court abused its discretion in refusing to open a judgment of *non pros*; equity required judgment of *non pros* be opened); *Thorn v. Borough of Clearfield*, 420 Pa. 584, 218 A.2d 298, 299 (1966) ("Ap-

pellant's in this case should not be denied their day in court because of the diminished health of their counsel. Appellants had no way of knowing this case was not being diligently prosecuted and should not be made to suffer because of the health of their attorney.").

¶ 9 Accordingly, we hold that the trial court abused its discretion in finding that Appellant did not provide a reasonable excuse for failing to file timely a COM under Pa.R.C.P. 3051.[6] *See Merlini v. Gallitzin Water Auth.*, 934 A.2d 100, 102 (Pa.Super.2007) ("When reviewing the denial of a petition to open a judgment of *non pros*, we will reverse the trial court only if we find an abuse of discretion." (citation omitted)).

¶ 10 Judgment reversed. Case remanded. Jurisdiction relinquished.

---

**6.** It is undisputed that Appellant satisfied prongs one and three of Pa.R.C.P. 3051's requirements. *See* note 4, *supra*. Therefore, the present case turns upon the Rule's second prong—whether there was a reasonable explanation or legitimate excuse for Appellant's default under Pa.R.C.P. 1042.3.