ESTATE OF Christopher ARANDA, Susan Yacovelli, Administratrix, Appellant

v.

Christopher AMRICK, M.D., Michael Bulette, M.D., Pocono Emergency Associates, Colleen Cahill, M.D., Mohammed Azam, M.D., Chukwudi Ogbolu, M.D., PMC Physicians Associates Hospitalists, Richard Kennedy, M.D., Benjamin Cooper, M.D., Monroe Radiology Imaging, P.C., Jeffrey Bair, M.D., Vidyashankar Ponnathpur, M.D., Medical Associates of Monroe County, Umesh Dala, M.D., Pocono Medical Group & Nephrology Consultants, LLC., Pocono Medical Center, Pocono Health System and Pocono Medical Center Health System, Appellees.

Superior Court of Pennsylvania.

Argued Sept. 2, 2009.

Filed Dec. 3, 2009.

Reargument Denied Feb. 8, 2010.

Carol N. Shepherd, Philadelphia, for Yacovelli, appellant.

Dominick Georgetti, Scranton, for Ponnathpur and Medical Associates, appellees.

BEFORE: FORD ELLIOTT, P.J., PANELLA and FREEDBERG, JJ.

OPINION BY FREEDBERG, J.:

¶ 1 This matter is before the Court on the appeal of Susan Yacovelli, the administratrix of the estate of Christopher Aranda. She appeals from the order entered by the Court of Common Pleas of Monroe County on November 4, 2008, denying her motion to open a judgment of *non pros* in her wrongful death and survival case against Dr. Vidyashankar Ponnathpur. We vacate and remand.

¶ 2 On November 5, 2007, Appellant commenced proceedings by way of writ against nineteen defendants. On April 10, 2008, Appellant filed a complaint, containing averments against fifteen of the original nineteen defendants. Appellant entered into a stipulation of dismissal with the remaining four defendants. The complaint contained, *inter alia,* claims against Dr. Ponnathpur and against Medical Associates of Monroe County, Dr. Ponnathpur's employer, based on a theory of vicarious liability. Because it was a professional liability suit, Appellant was required by Pa.R.C.P. 1042.3 [1] to submit a certificate of

---

1. Rule 1042.3 requires, in pertinent part:

    (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

    *Note:* The requirements of subdivision (a) apply to a claim for lack of informed consent.

    (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

    *Note:* It is not required that the "appropriate licensed professional" who supplies the necessary statement in support of a certificate of merit required by subdivision (a)(1) be the same person who will actually testify at trial. It is required, however, that the "appropriate licensed professional" who supplies such a statement be an expert with sufficient education, training, knowledge and experience to provide credible, competent testimony, or stated another way, the expert who supplies the statement must have qualifications such that the trial court would find them sufficient to allow that expert to testify at trial. For example, in a medical professional liability action against a physician, the expert who provides the statement in support of a certificate of merit should meet the qualifications set forth in Section 512 of the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. § 1303.512.

    (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

    *Note:* A certificate of merit, based on the statement of an appropriate licensed professional required by subdivision (a)(1), must be filed as to the other licensed professionals for whom the defendant is responsible. The statement is not required to identify the specific licensed professionals who deviated from an acceptable standard of care.

    (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

    *Note:* In the event that the attorney certifies under subdivision (a)(3) that an expert is

merit for each named licensed professional. The certificates were to be submitted either with the complaint or within sixty days of filing the complaint. Appellant attached fourteen certificates of merit to the complaint; a certificate of merit relating to Dr. Ponnathpur's conduct was not submitted.

¶ 3 On June 10, 2008, one day after the sixty day time period to file certificates of merit expired, Dr. Ponnathpur filed a praecipe for entry of judgment of *non pros*. Judgment was entered the same day. On June 17, 2008, Appellant filed a "Petition to Open/Strike Judgment of *Non Pros* and Permit Filing of a Certificate of Merit *Nunc Pro Tunc*." On November 4, 2008, the trial court denied Appellant's petition.

¶ 4 When reviewing a refusal to open a judgment of *non pros*, "we may reverse the decision of the trial court only if we find that the trial court abused its discretion in reaching its determination." *Yee v. Roberts*, 878 A.2d 906, 910 (Pa.Super.2005). "This means that the trial court's decision will be overturned only if [it] reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Womer v. Hilliker*, 589 Pa. 256, 908 A.2d 269, 279 (2006) (citations omitted).

¶ 5 This Court described the purpose and application of Rule 1042.3 as follows:

> Rule 1042.3 provides that in an action based on an allegation that a licensed professional deviated from an acceptable professional standard, the plaintiff's attorney shall file a certificate of merit with the complaint or within 60 days

after the filing of the complaint. Pa. R. Civ. P. 1042.3(a). The certificate certifies that another appropriate licensed professional has supplied a written statement that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by the defendant in the treatment, practice, or work that is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm. A separate certificate must be filed as to each licensed professional named in the complaint. Pa. R. Civ. P. 1042.3(b). Under Rule 1042.3(d), the court upon good cause shown shall extend the time for filing a certificate of merit for a period not to exceed 60 days. Pa. R. Civ. P. 1042.3(d). This rule does not impose any restrictions on the number of extension orders that the court may enter.

> If a plaintiff fails to file either a certificate of merit within the required time or a request for an extension, Rule 1042.6 provides that the prothonotary, on praecipe of the defendant, shall enter a judgment of **non pros** against the plaintiff.

*Hoover v. Davila*, 862 A.2d 591, 593 (Pa.Super.2004).

¶ 6 Appellant contends that the petition to open should have been granted based upon Pa.R.C.P. 3051, because the three-step test for relief from a judgment of *non pros* was satisfied; alternatively, she contends that relief was warranted under Pa. R.C.P. 126, because she substantially complied with the requirements of Rule 1042.3. Appellant argues that fairness and equitable considerations require granting relief,

unnecessary for prosecution of the claim, in the absence of exceptional circumstances the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation.

(b)(1) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.

especially in light of changes made to Rule 1042.6 subsequent to the trial court's order.

¶ 7 Pennsylvania Rule of Civil Procedure 3051 provides:

(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action.

Appellant contends that she has successfully fulfilled the three requirements of Rule 3051. Dr. Ponnathpur argues that Appellant did not provide a reasonable explanation for her delay in filing and has not demonstrated a meritorious cause of action.[2]

¶ 8 In *Sabo v. Worrall*, 959 A.2d 347 (Pa.Super.2008), this Court considered an appeal from a denial of a petition to open a *non pros* judgment. The appellant was advancing a medical malpractice case, but failed to timely file the required certificates of merit. Appellant's counsel had retained an expert, who produced a certificate of merit, and counsel was in possession of the certificate within the sixty day time period. Appellant's counsel believed her paralegal had filed the certificate; however, she discovered upon receipt of the notice of the entry of a judgment of *non pros*, that the filing had not taken place. This Court stated:

Appellant's failure to file a C[ertificate of] M[erit] was not a procedural mistake, but neither was it a wholesale failure to take any action required by our Rules of Civil Procedure concerning a C[ertificate of] M[erit].... Appellant here did prepare a C[ertificate of] M[erit], and the failure to file was an inadvertent mistake or oversight by counsel's paralegal.

. . .

[T]he already prepared C[ertificate of] M[erit] would have been submitted timely but for the paralegal's failure to file the C[ertificate of] M[erit] with the prothonotary, which Appellant's counsel believed had been accomplished until he received notice of the entry of a judgment of *non pros*. We find such inadvertent mistake or oversight by Appellant's counsel (*via* his paralegal) to be a reasonable explanation for the delay.

*Id.* at 351–352.[3]

¶ 9 In the instant matter, the trial court found that Appellant's excuse was not reasonable:

[U]pon examination of [Appellant's] argument, we do not see any explanation offered other than to call the failure to file the Certificate a "mere administrative mishap." At oral argument, [the trial court] candidly asked [Appellant's] Counsel if she was asking the Court to overlook the fact that she messed up, and she candidly answered yes. [The trial court does not] find this explanation in line with the standards set forth in

---

**2.** There appears to be no dispute that the first prong of the test—timely filing—was satisfied. Appellant filed her petition to open the judgment seven days after the judgment of *non pros* was entered.

**3.** In *Sabo,* there was no dispute that the petition was timely filed and that the appellant had a meritorious cause of action.

*Almes, supra.*[4] Therefore, Rule 3051 isn't available to the [Appellant] as a remedy.

Trial Court Opinion, 11/4/2008, at 7.

¶ 10 To the contrary, we find that the circumstances presented in this case are analogous to the circumstances in *Sabo.* Appellant's counsel obtained certificates of merit and filed fourteen of the required fifteen certificates with the complaint. The failure to file the remaining certificate was an oversight, which Appellant was not aware of until receipt of the notice of entry of a judgment of *non pros.* We find Appellant's excuse to be reasonable, and, therefore, to satisfy the second requirement of Rule 3051.

¶ 11 Dr. Ponnathpur contends that Appellant failed to satisfy the third prong of the Rule 3051 test, the existence of a meritorious action. "[T]o prevail in a medical malpractice action, a plaintiff must establish a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of the harm." *Ditch v. Waynesboro Hosp.,* 917 A.2d 317, 322 (Pa.Super.2007) (citations omitted).

¶ 12 Dr. Ponnathpur contends that to establish the elements of her case, Appellant was required to produce "an expert report or further testimony" demonstrating medical malpractice. Brief for the Appellee, at 12. Dr. Ponnathpur cites *Stephens v. Messick,* 799 A.2d 793 (Pa.Super.2002), where this Court found no abuse of discretion in the trial court's denial of the appellant's petition to strike/ open a judgment of *non pros* where the appellant did not attach "any deposition testimony or expert reports that would be sufficient to carry her burden of proof at trial." *Id.* at 801.

¶ 13 Appellant contends that she only has to aver facts which, if proven at trial, would entitle her to relief. Reply Brief for the Appellant, at 2. She claims she has done so by the allegations contained in her complaint and that Rule 3051 does not require an expert substantiating the claim.

¶ 14 At this stage of the litigation process, Appellant is not required to submit expert reports or testimony. Rather, Rule 1042.3 requires a certificate of merit, stating that a plaintiff has obtained a written statement from a licensed professional. Appellant attached a certificate of merit relating to Dr. Ponnathpur to her petition to open. Appellant's complaint contains specific pleadings as to the negligence allegedly engaged in by Dr. Ponnathpur, as well as a paragraph pleading that Dr. Ponnathpur's employer was vicariously liable. Further, submitted with the complaint was a timely certificate of merit relating to the vicarious liability claim against Dr. Ponnathpur's employer, stating:

> The claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and *an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals* in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that

---

**4.** *Almes v. Burket,* 881 A.2d 861 (Pa.Super.2005) (finding excuse for late filing of a certificate of merit to be reasonable where

counsel's mother-in-law passed away three days before Christmas).

such conduct was a cause in bringing about the harm.

Complaint, 4/10/2008 (emphasis added). Appellant's pleadings and certificates of merit are sufficient to establish a meritorious cause of action at this stage in the proceedings.

¶ 15 As Appellant has satisfied the three-part test for relief under Rule 3051, we need not address her alternative arguments that she is entitled to relief under Pa.R.C.P. 126 or because of changes made to Rule 1042.6.

¶ 16 Order vacated and matter remanded. Jurisdiction relinquished.