J-S50002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANDREW TULL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| EUGENE IACOVELLI, JR. AND DOMINICA IACOVELLI | |
| | No. 3782 EDA 2016 |

Appeal from the Order Entered December 1, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 160403413

BEFORE:  PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.          **FILED OCTOBER 03, 2017**

Appellant, Andrew Tull, filed a a writ of summons against Appellees, Eugene Iacovelli, Jr., and Dominica Iacovelli. After a pre-trial conference, the trial court issued a rule to show cause based upon Tull's failure to file a complaint. Tull and his attorney failed to show at the hearing on the rule, and the trial court subsequently dismissed the action.

Thirteen days later, Tull filed a petition to open the judgment that included a copy of the complaint he intended to file. The trial court denied Tull's petition. Tull filed this timely appeal, asserting the trial court erred in refusing to open the judgment. After careful review, we affirm.

As Tull's action was dismissed on a purely procedural ground, we will not detail the factual background, beyond noting that Tull asserts the

Iacovellis had physically assaulted him over a dispute arising from a contract dispute. Importantly, Tull does not challenge the trial court's decision to enter the judgment initially.[1] Rather, this appeal focuses on the trial court's refusal to open the judgment of *non pros*.

A petition to open a judgment of *non pros* is addressed to the equitable powers of the court, and since it is a matter of equity and grace, appellate review of the decision is subject to an abuse of discretion standard. *See Almes v. Burket*, 881 A.2d 861, 863-864 (Pa. Super. 2005). "We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident." *Kruis v. McKenna*, 790 A.2d 322, 324 (Pa. Super. 2001) (citation omitted). We may overturn a trial court's decision "only if [it] reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Estate of Aranda v. Amrick*, 987 A.2d 727, 729 (Pa. Super. 2009) (citation omitted) (brackets in original).

A petition to open a judgment of *non pros* must allege three circumstances. First, the petition itself was filed in a timely manner. Second, there is a reasonable explanation or excuse for the inaction that caused the

---

[1] While Tull's second issue on appeal purports to address the entry of the judgment of *non pros*, a review of Tull's argument on the issue reveals he is challenging the trial court's refusal to open the judgment. *See* Appellant's Brief, at 14-17 (citing and discussing precedent concerning the power to open a judgment of *non pros*.)

entry of the judgment of *non pros*. Finally, the petitioning party has asserted a meritorious cause of action. **See** Pa.R.C.P. 3051(b)(1)-(3).

In the present case, the trial court found Tull had failed to establish he had a reasonable excuse for the failure to timely file a complaint in response to the rule to show cause. In his petition, Tull asserted "[d]ue to an illness on the part of Plaintiff's counsel's administrative assistant, an administrative error occurred, and the Rule Returnable date was not recorded[] on counsel's calendar system." Petition to Open, 10/24/16, at ¶17.

Importantly, Tull himself asserts the rule to show cause was entered during the case management conference held on September 13, 2016. **See id**., at ¶15. Tull's counsel was present at the conference. **See id**., at ¶14. Thus, Tull's counsel was aware of the pending rule.

Tull does not assert he had a basis for extending the time to file the complaint. Rather, the only reasonable inference from the facts, as alleged by Tull, is that counsel intended to file the complaint before the hearing on the rule. The fact that the complaint was not promptly filed after the case management conference indicates counsel intended to wait until the deadline was looming to file the complaint. While such deadline management is not improper or unethical, it also must be said that it is not strictly professional.

At the September 13, 2016 case management conference, Tull's counsel was made aware that he needed to file the complaint shortly. Even accepting his proffered excuse that his assistant's illness caused a

scheduling error, it was counsel's decision to risk just such a disaster by not diligently filing the complaint. This was a risk counsel knowingly accepted by not promptly filing the complaint regardless of the deadline. Under these circumstances, we cannot conclude that the trial court abused its discretion in refusing to open the judgment of *non pros*.

Tull's argument that there was not a long period of dormancy in this case is unavailing. The trial court did not enter the judgment of *non pros* in response to a long period of inactivity. The trial court entered judgment due to Tull's failure to respond to the rule to show cause. Thus the procedural history of the case is irrelevant; the relevant issue was Tull's failure to file a complaint in response, or otherwise respond, to the rule to show cause.

As we cannot conclude the trial court abused its discretion in this matter, we affirm the order.

Order affirmed. Jurisdiction relinquished.

*Judgment Entered.*

_____
Joseph D. Seletyn, Esq.
*Prothonotary*

Date: _10/3/2017_

- 4 -