# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ephrata Area Joint Authority | : | |
| | : | |
| v. | : | No. 414 C.D. 2018 |
| | : | Argued: December 13, 2018 |
| Pennsy Supply, Inc. and | : | |
| Department of Transportation | : | |
| of the Commonwealth of | : | |
| Pennsylvania | : | |
| | : | |
| Appeal of: Pennsy Supply, Inc. | : | |

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                **FILED: January 22, 2019**

By order dated May 24, 2018, we granted the petition of Pennsy Supply, Inc. (Pennsy), accepting for immediate appellate review an interlocutory order of the Court of Common Pleas of Lancaster County (trial court), which sustained the preliminary objections filed by Ephrata Area Joint Authority (Authority) to an answer and new matter filed by Pennsy. In so doing, we agreed to consider whether the trial court misapprehended appellate authority when it sustained the Authority's preliminary objections. For the reasons set forth below, we reverse.

On March 24, 2016, the Authority filed an amended complaint (Complaint) against Pennsy and the Commonwealth of Pennsylvania, Department of Transportation (Department), in which the Authority alleged tort liability. The Authority averred that Pennsy damaged a water main owned by the Authority while Pennsy demolished a bridge owned or possessed by the Department. (Reproduced Record (R.R.) at 9a-16a.) In response, the Department filed an answer and new matter in which it denied negligence and raised multiple affirmative defenses. (*Id.* at 28a-40a.) Thereafter, Pennsy served the Authority with discovery requests, which the Authority fulfilled in early 2017. Up to this point in the litigation, Pennsy did not file a responsive pleading to the Complaint.

On May 22 and May 23, 2017—over a year after the Authority filed the Complaint—counsel for the Authority and counsel for Pennsy corresponded via email regarding designees for depositions. In a May 23, 2017 email to Pennsy's counsel, counsel for the Authority mentioned that he could not locate in his file Pennsy's answer to the Complaint. (*Id.* at 112a.) Accordingly, he inquired whether Pennsy ever filed one. (*Id.*) Counsel for Pennsy responded that he had the answer with new matter (Answer) in his personal file, but he erroneously failed to file it. (*Id.*) Counsel for Pennsy indicated that he would file it immediately and apologized for the oversight. (*Id.*) Minutes following that correspondence, Pennsy filed the Answer. (*Id.* at 53a-60a.) The Answer's verification reflects that Pennsy signed it on April 13, 2016—twenty days after the Authority filed the Complaint. (*Id.*)

The next day, the Authority filed preliminary objections to the Answer, wherein it asserted that the trial court should strike the Answer as untimely. (*Id.* at 63a-65a.) In so doing, the Authority asserted that untimely

2

pleadings may be stricken where the party that filed the untimely pleading cannot establish just cause for the delay and that Pennsy's oversight in filing the Answer did not constitute just cause. (*Id.* at 65a.) Pennsy filed a response, arguing that its untimely filing did not prejudice the Authority in any way and the trial court may exercise its discretion and accept the untimely filing. (*Id.* at 80a-88a.) Specifically, Pennsy pointed to Pennsylvania Rule of Civil Procedure No. 126, which provides, in pertinent part, that a court "may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pennsy asserted that its untimely filing did not affect the substantial rights of either party and argued that the trial court should accept the Answer. (*Id.* at 84a.)

By order dated February 16, 2018, the trial court sustained the Authority's preliminary objections, thereby striking the Answer, deeming admitted all factual allegations in the Complaint, and deeming waived all affirmative defenses. (Trial court order, dated February 16, 2018, attached to Pennsy's brief.) In so doing, the trial court provided an opinion via footnote in its order, wherein it concluded that (1) Pennsy failed to show just cause for failing to file the Answer by the filing deadline, and (2) Pennsy did not substantially comply with Pennsylvania Rule of Civil Procedure No. 1026(a), relating to timely filings, such that it could receive relief under Rule 126. (*Id.*)

Pennsy subsequently filed a motion seeking reconsideration or, alternatively, certification for an interlocutory appeal pursuant to 42 Pa. C.S. § 702(b).[1] By order dated March 5, 2018, the trial court denied Pennsy's motion

---

[1] 42 Pa. C.S. § 702(b), relating to interlocutory appeals by permission, provides:

When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of

**(Footnote continued on next page…)**

3

for reconsideration and granted its motion for certification for an interlocutory appeal, thereby staying the matter pending resolution of the appeal. (R.R. at 137a.) Thereafter, Pennsy filed with this Court a petition for permission to appeal, which we granted by order dated May 24, 2018. In so doing, we accepted the following issue on appeal: "Did the trial court misapprehend *Womer v. Hilliker*, 908 A.2d 269 (Pa. 2006), *Sabo v. Worrell*, 959 A.2d 347 (Pa. Super. 2008)[, *appeal denied*, 983 A.2d 1250 (Pa. 2009)], or *Estate of Aranda v. Amrick*, 987 A.2d 727 (Pa. Super. 2009)[, *appeal denied*, 13 A.3d 479 (Pa. 2010)], when it struck [Pennsy's Answer]?"[2, 3] (Order, dated May 24, 2018.)

We first recognize that the Pennsylvania Rules of Civil Procedure "are essential to the orderly administration and efficient functioning of the courts. Accordingly, we expect that litigants will adhere to procedural rules as they are written, and [we] take a dim view of litigants who flout them." *Womer*, 908 A.2d at 276. Nonetheless, it is understood that "procedural rules are not ends in themselves, and that the rigid application of our rules does not always serve the interests of fairness and justice." *Id.*

Rule 1026(a) provides, in pertinent part, that "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading

---

**(continued…)**

law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

[2] We note that the trial court's opinion did not reference *Sabo* or *Estate of Aranda*.

[3] The Department did not file a brief or otherwise take a position in this appeal.

4

contains a notice to defend or is endorsed with a notice to plead." Pa. R.C.P. No. 1026(a). "[T]his rule is not mandatory but permissive. . . . 'Much must be left to the discretion of the lower court.'" *Paulish v. Bakaitis*, 275 A.2d 318, 321-22 (Pa. 1971) (quoting *Fisher v. Hill*, 81 A.2d 860, 863 (Pa. 1951)). When a party moves to strike a pleading as untimely,

> the party who files the untimely pleading must demonstrate just cause for the delay. It is only after a showing of just cause has been made that the moving party needs to demonstrate that it has been prejudiced by the late pleading. Thus, the trial court does not abuse its discretion in striking a pleading as untimely where it finds that a party's blatant disregard for the time limits established by the [Pennsylvania] Rules of Civil Procedure, without just cause for the delay, constitutes an abject indifference to the [r]ules.

*Peters Creek Sanitary Auth. v. Welch*, 681 A.2d 167, 170 (Pa. 1996).

In *Peters Creek*, the plaintiff commenced an action against three defendants via complaint served on September 4, 1991. The case then proceeded to arbitration. By the time of arbitration, the defendants still had not filed an answer to the complaint. After a board of arbitrators found in favor of the plaintiff, one of the defendants filed an appeal *pro se* and demanded a jury trial. Thereafter, that defendant retained counsel. At a pre-trial scheduling conference held on March 12, 1993, the common pleas court scheduled a non-jury trial to begin on July 27, 1993. On July 26, 1993—the day before trial—the defendant filed an answer and new matter. At trial the next day, the plaintiff motioned to strike the answer as untimely, as the defendant filed it almost twenty-three months after service of the complaint. The common pleas court found that the twenty-three-month delay constituted an abject indifference for the rules and granted the defendant's motion. The plaintiff appealed to this Court, and we

5

reversed, at which time the defendant petitioned for allocatur, which our Supreme Court granted.

On appeal, our Supreme Court recognized that this Court and the Superior Court applied differing standards for evaluating when a trial court abused its discretion in granting a motion to strike. Under this Court's jurisprudence, a "trial court abuse[d] its discretion in granting such a motion when the party moving to strike ha[d] not filed for default judgment since the failure to seek a default judgment automatically extend[ed] the period within which the party may file its late pleading." *Peters Creek*, 681 A.2d at 170. Conversely, the Superior Court required "a party who file[d] an untimely answer to show just cause for the delay[,] and it [was] only after such a showing ha[d] been made that [a] trial court . . . require[d] the moving party to demonstrate prejudice resulting from the late pleading." *Id.* The Supreme Court adopted the Superior Court's standard and ultimately concluded that the common pleas court did not abuse its discretion in striking the answer and new matter, as the defendant failed to establish just cause for her delay.

Beyond the just cause requirement for permitting untimely filings, Rule 126 functions to grant a trial court "latitude to overlook any *procedural* defect that does not prejudice the rights of a party." *Rubenstein v. Se. Pa. Transp. Auth.*, 668 A.2d 283, 286 (Pa. Cmwlth. 1995) (emphasis in original), *appeal denied*, 678 A.2d 367 (Pa. 1996). Our Supreme Court previously expounded on its promulgation of Rule 126 and its application:

> With this language, we incorporated equitable considerations in the form of a doctrine of substantial compliance into Rule 126, giving the trial courts the latitude to overlook any "*procedural* defect" that does not prejudice a party's rights. Thus, while we look for full compliance with the terms of our rules, we provide a

6

> limited exception under Rule 126 to those who commit a misstep when attempting to do what any particular rule requires. Moreover, we made Rule 126 a rule of universal application, such that the trial court may disregard any such procedural defect or error at every stage of any action or proceeding to which the civil procedural rules apply.

*Womer*, 908 A.2d at 276 (internal citations omitted) (emphasis in original). Rule 126 does not excuse a party's complete noncompliance with the rules, but it is available to a party who makes a substantial attempt to conform. *Deek Inv., L.P. v. Murray*, 157 A.3d 491, 494 (Pa. Super. 2017).

In *Womer*, the plaintiff commenced a medical malpractice action. Due to an oversight by counsel, however, the plaintiff failed to file a certificate of merit (COM) within sixty days of filing the complaint, as is required by Pennsylvania Rule of Civil Procedure No. 1042.3. The defendant then filed for judgment of *non pros*, which the common pleas court granted. The plaintiff filed a petition to open the judgment of *non pros* under Pennsylvania Rule of Civil Procedure No. 3051, which provides, in part, that a judgment of *non pros* may be opened by petition if: "(1) the petition is timely filed; (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment *non pros*; and (3) there is a meritorious cause of action." Alternatively, the plaintiff sought relief under Rule 126, arguing that he substantially complied with the requirements of Rule 1042.3. In support of his arguments, the plaintiff alleged that he served an expert report on the defendant in discovery before Rule 1042.3's time limit expired; the expert report he provided to the defendant included all of the information that Rule 1042.3 requires; his failure to file the required COM was due to his counsel's oversight or mistake; and the defendant

7

would not be prejudiced by the untimely filing. Further, the plaintiff attached a completed COM to the petition that he completed the prior day.

The common pleas court denied the petition, and the plaintiff appealed. The Superior Court concluded that the plaintiff substantially complied with Rule 126 and reversed the common pleas court. Our Supreme Court, however, reversed the Superior Court and reinstated the common pleas court's order. With respect to Rule 126's application, the Supreme Court determined that it did not apply because the plaintiff failed to substantially comply with Rule 1042.3. Specifically, the Supreme Court opined:

> In our view, this was no procedural misstep within the meaning of Pennsylvania Rule of Civil Procedure [No.] 126. It was instead, a wholesale failure to take any of the actions that one of our rules requires, of the type that we have heretofore refused to overlook under Rule 126.
>
> In contending that even though he made no effort to follow Pennsylvania Rule of Civil Procedure [No.] 1042.3's requirements, Rule 126 can apply in his circumstances because he fulfilled Rule 1042.3's purpose, [the plaintiff] is essentially arguing that the doctrine of substantial compliance in Rule 126 not only excuses a party who commits a procedural misstep in attempting to do that which a rule instructs, but also excuses a party who does nothing that a rule requires, but whose actions are consistent with the objectives he believes the rule serves. This is simply not so. The equitable doctrine we incorporated into Rule 126 is one of *substantial* compliance, not one of *no* compliance. We reiterate what our case law has taught: Rule 126 is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the procedure that we have adopted to enhance the functioning of the trial courts. Therefore, we conclude that [the plaintiff] did not substantially comply with [Rule] 1042.3 for purposes of [Rule] 126's

8

application, and hold that the Superior Court erred in including [Rule] 126 as a factor in its analysis as to whether the trial court correctly denied [the plaintiff's] request that the judgment of *non pros* be opened.

*Womer*, 908 A.2d at 278 (emphasis in original) (internal citations omitted).

With the foregoing in mind, we now turn to the parties' arguments on appeal.[4] Pennsy advances two arguments. First, Pennsy argues that the trial court misapplied *Womer* when it concluded that Pennsy did not substantially comply with Rule 1026(a), such as to be entitled to relief under Rule 126. Second, Pennsy argues that the trial court failed to evaluate factually analogous jurisprudence—*i.e.*, *Sabo* and *Estate of Aranda*—when it concluded that Pennsy did not establish just cause for its delay. Pennsy maintains that both of these conclusions are abuses of discretion by the trial court. In response, the Authority argues that the trial court properly exercised its discretion in striking the Answer because Pennsy—like the plaintiff in *Womer*—failed to file any responsive pleading. Further, the Authority asserts that *Sabo* and *Estate of Aranda* are inapposite, as they both relate to the entry of judgment *non pros* and not the striking of an untimely filing.

We will first evaluate whether the trial court abused its discretion when it determined that *Womer* controlled the outcome of this case and concluded that Pennsy failed to substantially comply with Rule 1026(a). Pennsy argues that the instant case is distinguishable from *Womer* because the plaintiff in *Womer*

---

[4] Our standard of review of a trial court's decision to permit or strike an untimely filing is limited to determining whether or not the trial court abused its discretion. *Johnson v. White*, 964 A.2d 42, 47 (Pa. Cmwlth. 2009). "An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will." *Pilon v. Bally Eng'g Structures*, 645 A.2d 282, 285 (Pa. Super.), *appeal denied*, 652 A.2d 1325 (Pa. 1994).

9

exhibited complete noncompliance with the applicable rule, whereas Pennsy made every attempt to comply with Rule 1026(a) by completing the Answer in a timely fashion but failed to file it. Pennsy asserts that its efforts exhibit substantial compliance with Rule 1026(a).

With respect to Pennsy's claim of substantial compliance, the trial court opined:

> In this case, as in *Womer*, Pennsy did not file a required document within the time limit, nor seek an extension of time for filing, and counsel admitted to an "oversight." Instead, as in *Womer*, Pennsy served discovery materials. However, this case is distinguished in two ways. Positively, Pennsy had drafted an answer with new matter with a signed verification dated April 13, 2016, which date was the twentieth day after [the Authority] filed [the Complaint]. Negatively, whereas [the plaintiff in *Womer*] filed a motion within a few days of the deadline to allow filing *nunc pro tunc*, Pennsy filed [the Answer] thirteen months late and did not file a motion to allow late filing.
>
> . . . .
>
> [T]he court concludes that the extensive, recent analysis of similar facts by the Supreme Court in *Womer* controls. Service of discovery materials does not constitute substantial compliance with Rule 1026(a), and Pennsy has failed to show just cause for its untimely filing under *Peters Creek*. Therefore, the burden never shifted to [the Authority] to show prejudice.

(Trial court opinion at 4.)

A review of the trial court's comparison of *Womer* to the instant case leads us to conclude that the trial court abused its discretion when it determined that Pennsy did not substantially comply with Rule 1026(a). In its opinion, the trial court asserted that service of discovery materials does not constitute

10

substantial compliance under *Womer*. We believe that this strained reading fails to take into account significant differences between *Womer* and the instant case.

The first difference is the form and substance of the filing itself. The plaintiff in *Womer* failed to timely file a COM and instead filed an expert report that purportedly contained the information required by Rule 1042.3. Only after receiving notice of the judgment *non pros* did the plaintiff complete and file a COM. At no time prior to the filing deadline did the plaintiff attempt to prepare a COM in accordance with the rules. Our Supreme Court declared this unacceptable, stating "this was no procedural misstep within the meaning of [Rule] 126. It was instead, a wholesale failure to take any of the actions that one of our rules requires, of the type that we have heretofore refused to overlook under Rule 126." *Womer*, 908 A.2d at 278.

Here, in contrast to *Womer*, Pennsy completed the Answer prior to the expiration of the filing deadline. Thereafter, Pennsy's counsel assumed he filed the Answer. Upon learning that he had not, he filed it immediately. Where the plaintiff in *Womer* did not prepare a COM until after receiving the judgment of *non pros*, Pennsy's counsel prepared the Answer prior to the filing deadline but erroneously failed to file it.

Second, we note the difference in the proffered reasons for the delay. In *Womer*, the plaintiff's delay in filing a COM stemmed from the belief that the previously-served discovery materials purportedly satisfied Rule 1042.3's requirements, thereby fulfilling the rule's purpose. Accordingly, the plaintiff believed he substantially complied with Rule 1042.3. Our Supreme Court rejected this notion outright:

> [The plaintiff] is essentially arguing that the doctrine of substantial compliance in Rule 126 not only excuses a

11

party who commits a procedural misstep in attempting to do that which a rule instructs, but also excuses a party who does nothing that a rule requires, but whose actions are consistent with the objectives he believes the rule serves. This is simply not so. The equitable doctrine we incorporated into Rule 126 is one of *substantial* compliance, not one of *no* compliance.

*Id.* (emphasis in original).

Here, Pennsy's delay resulted from an oversight by its counsel. If not for this oversight, the Answer would have been timely. Where the plaintiff in *Womer* took *no* steps towards submitting a necessary filing in accordance with the applicable rule, counsel for Pennsy took *every step* towards timely filing the Answer in accordance with Rule 1026(a), with the obvious exception of submitting the filing itself.

Third, we distinguish the central holding of *Womer* itself. The trial court appeared to focus on the fact that both Pennsy and the plaintiff in *Womer* served discovery materials on their opponents in lieu of a required filing, thus leading the trial court to opine that "[s]ervice of discovery materials does not constitute substantial compliance with Rule 1026(a)." (Trial court opinion at 4.) This, however, misapprehends not only the general principle espoused in *Womer* but also its application to the case at hand.

The plaintiff in *Womer* served discovery materials and argued that those materials satisfied the requirements of a COM. Here, however, Pennsy makes no such argument. Instead, Pennsy argues that its timely preparation but inadvertent lack of timely filing of the Answer constituted substantial compliance with Rule 1026(a). Its later service of discovery materials and the sufficiency thereof is not central to the issue here as it was in *Womer*. Further, our reading of *Womer* leads us to believe that it does not stand for the broad proposition that the

12

service of discovery materials does not constitute substantial compliance. Rather, we emphasize the Supreme Court's central holding in *Womer*:

> Rule 126 is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the procedure that we have adopted to enhance the functioning of the trial courts.

*Womer*, 908 A.2d at 278.

Applying the above to the instant case, we conclude that Pennsy substantially complied with Rule 1026(a). The circumstances in *Womer* drastically differ from those present in the matter now before the Court. With the exception of one oversight, Pennsy made every attempt to comply with the applicable rules throughout the course of this litigation. In striking the Answer, the trial court failed to appreciate the distinguishing factors that separate this case from *Womer*. As such, the trial court abused its discretion in concluding that Pennsy did not substantially comply with Rule 1026(a).

Following this conclusion, we must evaluate whether reversing the trial court's order will prejudice the Authority. *See* Pa. R.C.P. No. 126 ("The court at every stage of any such action or proceeding may disregard any error or defect of procedure *which does not affect the substantial rights of the parties*." (Emphasis added.)) Based upon our review of the record, we do not see any prejudice the Authority will suffer if we reverse the trial court's order. During the period preceding the Answer's filing, the parties engaged in litigation seemingly unaware of the Answer's absence from the docket. Although the Authority may ostensibly suffer prejudice in the form of Pennsy now being able to respond to factual allegations and raise potentially-meritorious affirmative defenses, this does not sway our decision. While striking the Answer may prove advantageous for

13

Pennsy, "the rules should not and must not be used to play a game of 'gotcha.'" *Anderson v. Anderson*, 822 A.2d 824, 829 (Pa. Super. 2003).

Accordingly, we reverse the trial court's order striking the Answer.[5]

P. KEVIN BROBSON, Judge

---

[5] Because we dispose of the matter based on substantial compliance under Rule 126, we need not evaluate Pennsy's second argument—*i.e.*, that the trial court abused its discretion in determining that Pennsy did not establish just cause for its delay in filing the Answer.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ephrata Area Joint Authority :
:
v. : No. 414 C.D. 2018
:
Pennsy Supply, Inc. and :
Department of Transportation :
of the Commonwealth of :
Pennsylvania :
:
Appeal of: Pennsy Supply, Inc. :

# **O R D E R**

AND NOW, this 22nd day of January, 2019, the order of the Court of Common Pleas of Lancaster County is REVERSED.

 

P. KEVIN BROBSON, Judge