J-A13026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROSE A. GROSS, INDIVIDUALLY AND AS  EXECUTRIX OF THE WILL OF WILLIAM P. GROSS, DECEASED AND OXFORD TRANSPORTATION INC., COVENTRY TRANSPORTATION INC., G&L STUDENT TRANSPORTATION, INC., GROSS SCHOOL BUS SERVICE INC., AND SCHOOL BUS SERVICE, INC. | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 3159 EDA 2019 |
| v. | : : : : | |
| MICHAEL L. CROSS & COMPANY, LTD AND MICHAEL L. CROSS, CPA | : : : : : | |
| APPEAL OF: ROSE A. GROSS, INDIVIDUALLY AND AS EXECUTRIX OF THE WILL OF WILLIAM P. GROSS, DECEASED | : : : : | |

Appeal from the Order Entered September 3, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2018-29784

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY LAZARUS, J.:  Filed: September 1, 2020

I respectfully dissent.  In my opinion, this case is analogous to **Womer**, and the trial court did not err or abuse its discretion in denying Gross relief from the judgment of *non pros*.

---

* Retired Senior Judge assigned to the Superior Court.

As the majority points out, our Supreme Court explained in **Womer** that:

> **[P]rocedural rules are not ends in themselves, and [] the rigid application of our rules does not always serve the interests of fairness and justice**. It is for this reason that we adopted **Rule 126**, which . . . **incorporated** equitable considerations in the form of **a doctrine of substantial compliance [], giving the trial courts the latitude to overlook any "procedural defect" that does not prejudice a party's [substantive] rights**.
>
> * * *
>
> **Rule 126 is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule** in their entirety and **determines for himself the steps he can take** to satisfy the [Rules of Civil P]rocedure.

***Id.*** at 267-68, 278 (emphasis added).

Here, Gross was on notice per our Rules of Civil Procedure that, upon filing her complaint on May 7, 2019, she had until July 6, 2019, to timely file the requisite COM. "Not only did [she] fail to timely file a COM, [she] did not mo[ve] to extend the time to file [one][1] or argue that [her] claim did not require [one]." Trial Court Opinion, 12/2/19, at 7.

---

[1] Our Supreme Court further explained in **Womer** that:

> **Rule 1042.3 is clear and unambiguous in its mandate** that in every professional liability action a specific representation about the plaintiff's claim must be filed in the official record in a document called a "certificate of merit" [COM] at the time the complaint is filed or within sixty days thereafter. . . . **Moreover, [Rule] 1042.3(d), which allows for the filing and granting upon good cause shown of a motion to extend the**

- 2 -

Applying **Womer**, I agree with the trial court that here, where Gross failed to take any steps to comply with Rule 1042.3, "disregard[ed] the terms of [that Rule] . . . and determine[d] for [her]self" that filing a COM by July 17, 2019 would satisfy it, Rule 126 was inapplicable to excuse this procedural defect. **Womer**, **supra**; **cf. Sabo v. Worrall**, 959 A.2d 347 (Pa. Super. 2008) (plaintiff substantially complied with Rule 1042.3 despite failure to timely file COM where "the failure to file [a prepared COM] was an inadvertent mistake or oversight by counsel's paralegal" and "counsel believed [filing with the prothonotary] had been accomplished until he received notice of the entry of a judgment of *non pros*"). In contrast, because Cross substantially complied with Rule 1042.6 by filing the requisite notice of intent to seek a judgment of *non pros*, albeit early, the trial court was within its discretion to overlook this misstep. **See Womer**, **supra** at 278 ("[t]he equitable doctrine [of] Rule 126 is one of *substantial* compliance, not one of *no compliance*"). Significantly, Cross' premature Rule 1042.6 notice had no effect on Gross' substantive rights given that (1) the judgment of *non pros* was not entered until after the sixty-day deadline for timely filing the COM as mandated by Rule 1042.3, and (2) Gross conceded that she did not obtain the requisite

---

**time for filing a COM, sets forth the one and only step that a plaintiff is to take if he** finds himself unable to secure a COM and **desires to avoid the consequences of not satisfying Rule 1042.3(a)'s COM[-]filing requirement in a timely fashion.**

**Womer**, **supra** at 270-71 (emphasis added).

COM until three days after that deadline. *See* Brief of Appellant, at 14; *Womer*, *supra*. Gross' assertion that the premature Rule 1042.6 notice somehow "deprived [her] of the sixty[-]day period" to timely file her COM is meritless. Pa.R.C.P. 1042.3; *Womer*, *supra* at 267-71.

In my opinion, therefore, the record is self-sustaining despite Cross' defective notice, and the trial court did not abuse its discretion in denying Gross's motion to strike the judgment of *non pros*. *Ditch*, *supra*.

Regarding the trial court's decision not to open the judgment of *non pros*, Rule 3051(b) provides that a petition seeking the opening of a judgment shall allege that: (1) the petition is timely filed; (2) there is a reasonable explanation for the conduct that gave rise to the entry of judgment of *non pros*; and (3) there is a meritorious underlying cause of action. Pa.R.C.P. 3051(b). Gross argues that the docket entry for the affidavit of service, filed on June 17, 2019, "caused an understanding that the time period in which to file the certificates of merit was thirty days from that date." Brief of Appellant, at 18. I agree with the trial court that, based on the clear language of Rule 1042.3(a), this assertion is unreasonable. As previously stated, Rule 1042.3 clearly and unambiguously requires that Gross file a COM in this professional liability action either with her complaint or within sixty days thereafter. *Womer*, *supra* at 271. Gross' arguments that the docket entry on June 17, 2019, somehow modified the mandatory sixty-day period for filing a COM, or created confusion as to when the COM should be filed, are not reasonable or justifiable explanations for her disregard of the clear and unambiguous

mandate of Rule 1042.3. ***See Parkway Corp v. Edelstein***, 861 A.2d 264, 267-69 (Pa. Super. 2004) (ignorance is no reasonable explanation, excuse, or justification for failure to comply with Rule 1042.3; court did not abuse discretion in denying motion to open judgment of *non pros* where plaintiff "failed to comply with the specific time requirements of the Rule by either submitting a [COM] or requesting an extension of time to do so," even where plaintiff filed COM "a few days after [receiving defendant's] praecipe to enter judgment"); ***see also Hoover v. Davila***, 862 A.2d 591, 595 (Pa. Super. 2003) (rejecting *pro se* litigant's claims that "he was unaware of the new rule [] requiring [COMs] [and] that he did not understand the rule" as just causes for untimely filing a COM). Thus, in my opinion, the trial court did not err or abuse its discretion in denying Gross' motion to open the judgment of *non pros*. Pa.R.C.P. 3051(b).

Accordingly, I would affirm the trial court's order.