J-S35003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FLORENCE R. MONGER, AS EXECUTOR OF THE ESTATE OF ROBERT E. MONGER, SR., A/K/A ROBERT E. MONGER, DECEASED; AND FLORENCE R. MONGER, INDIVIDUALLY | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : : : | No. 862 MDA 2021 |
| ENCOMPASS HEALTH REHABILITATION HOSPITAL OF READING, LLC, F/K/A HEALTHSOUTH OF READLING, LLC AND HEALTHSOUTH READING REHABILITATION HOSPITAL, LLC; ENCOMPASS HEALTH CORPORATION, F/K/A HEALTHSOUTH CORPORATION AND HEALTHSOUTH REHABILITATION CORPORATION; SUZANNE ELLWANGER ADAM, D.O.; BARBARA ANN HOFFER, D.O.; ST JOSEPH REGIONAL HEALTH NETWORK, T/D/B/A PENN STATE HEALTH ST JOSEPH AND ST JOSEPH MEDICAL CENTER, F/K/A ST JOSEPH HOSPITAL, INC; ST JOSEPH MEDICAL GROUP, T/D/B/A PENN STATE HEALTH ST JOSEPH CARDIOTHORACIC; AND REBECCA A O'DONNELL, CRNP | : : : : : : : : : : : : : : : : : : : : : : : : : | |

Appeal from the Order Entered June 14, 2021
In the Court of Common Pleas of Berks County Civil Division at No(s):
19-14751,
19-17176

| | | |
|---|---|---|
| FLORENCE R. MONGER, AS EXECUTOR OF THE ESTATE OF ROBERT E. MONGER, SR., A/K/A | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |

J-S35003-21

ROBERT E. MONGER, DECEASED;        :
AND FLORENCE R. MONGER,            :
INDIVIDUALLY                       :
                                   :
          Appellant                :
                                   :    No. 863 MDA 2021
                                   :
          v.                       :
                                   :
                                   :
ENCOMPASS HEALTH                   :
REHABILITATION HOSPITAL OF         :
READING, LLC, F/K/A HEALTHSOUTH    :
OF READLING, LLC AND               :
HEALTHSOUTH READING                :
REHABILITATION HOSPITAL, LLC;      :
ENCOMPASS HEALTH CORPORATION,      :
F/K/A HEALTHSOUTH CORPORATION      :
AND HEALTHSOUTH                    :
REHABILITATION CORPORATION;        :
SUZANNE ELLWANGER ADAM, D.O.;      :
BARBARA ANN HOFFER, D.O.; ST       :
JOSEPH REGIONAL HEALTH             :
NETWORK, T/D/B/A PENN STATE        :
HEALTH ST JOSEPH AND ST JOSEPH     :
MEDICAL CENTER, F/K/A ST JOSEPH    :
HOSPITAL, INC; ST JOSEPH MEDICAL   :
GROUP, T/D/B/A PENN STATE          :
HEALTH ST JOSEPH                   :
CARDIOTHORACIC; AND REBECCA A      :
O'DONNELL, CRNP                    :

Appeal from the Order Entered June 8, 2021
In the Court of Common Pleas of Berks County Civil Division at No(s):
19-14751,
19-17176

FLORENCE R. MONGER, AS             :    IN THE SUPERIOR COURT OF
EXECUTOR OF THE ESTATE OF          :         PENNSYLVANIA
ROBERT E. MONGER, SR., A/K/A       :
ROBERT E. MONGER, DECEASED;        :
AND FLORENCE R. MONGER,            :
INDIVIDUALLY                       :
                                   :
          Appellant                :

- 2 -

|  | : | No. 864 MDA 2021 |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| ENCOMPASS HEALTH | : |  |
| REHABILITATION HOSPITAL OF | : |  |
| READING, LLC, F/K/A HEALTHSOUTH | : |  |
| OF READLING, LLC AND | : |  |
| HEALTHSOUTH READING | : |  |
| REHABILITATION HOSPITAL, LLC; | : |  |
| ENCOMPASS HEALTH CORPORATION, | : |  |
| F/K/A HEALTHSOUTH CORPORATION | : |  |
| AND HEALTHSOUTH | : |  |
| REHABILITATION CORPORATION; | : |  |
| SUZANNE ELLWANGER ADAM, D.O.; | : |  |
| BARBARA ANN HOFFER, D.O.; ST | : |  |
| JOSEPH REGIONAL HEALTH | : |  |
| NETWORK, T/D/B/A PENN STATE | : |  |
| HEALTH ST JOSEPH AND ST JOSEPH | : |  |
| MEDICAL CENTER, F/K/A ST JOSEPH | : |  |
| HOSPITAL, INC; ST JOSEPH MEDICAL | : |  |
| GROUP, T/D/B/A PENN STATE | : |  |
| HEALTH ST JOSEPH | : |  |
| CARDIOTHORACIC; AND REBECCA A | : |  |
| O'DONNELL, CRNP | : |  |

Appeal from the Order Entered June 14, 2021
In the Court of Common Pleas of Berks County Civil Division at No(s):
19-14751,
19-17176

| FLORENCE R. MONGER, AS | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| EXECUTOR OF THE ESTATE OF | : | PENNSYLVANIA |
| ROBERT E. MONGER, SR., A/K/A | : |  |
| ROBERT E. MONGER, DECEASED; | : |  |
| AND FLORENCE R. MONGER, | : |  |
| INDIVIDUALLY | : |  |
|  | : |  |
|  | : |  |
| Appellant | : |  |
|  | : |  |
|  | : | No. 865 MDA 2021 |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |

ENCOMPASS HEALTH : 
REHABILITATION HOSPITAL OF : 
READING, LLC, F/K/A HEALTHSOUTH : 
OF READING, LLC AND : 
HEALTHSOUTH READING : 
REHABILITATION HOSPITAL, LLC; : 
ENCOMPASS HEALTH CORPORATION, : 
F/K/A HEALTHSOUTH CORPORATION : 
AND HEALTHSOUTH : 
REHABILITATION CORPORATION; : 
SUZANNE ELLWANGER ADAM, D.O.; : 
BARBARA ANN HOFFER, D.O.; ST : 
JOSEPH REGIONAL HEALTH : 
NETWORK, T/D/B/A PENN STATE : 
HEALTH ST JOSEPH AND ST JOSEPH : 
MEDICAL CENTER, F/K/A ST JOSEPH : 
HOSPITAL, INC.; ST JOSEPH : 
MEDICAL GROUP, T/D/B/A PENN : 
STATE HEALTH ST. JOSEPH : 
CARDIOTHORACIC; AND REBECCA A. : 
O'DONNELL, CRNP :

Appeal from the Order Entered June 8, 2021
In the Court of Common Pleas of Berks County Civil Division at No(s):
19-14751,
19-17176

BEFORE:   OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 10, 2022**

Appellant, Florence R. Monger, in her individual capacity and as executor of the estate of Robert E. Monger, Sr., a.k.a., Robert E. Monger, deceased, appeals from four orders entered on June 8, 2021, denying her motions to open judgments of *non pros* entered in favor of Encompass Health Rehabilitation Hospital of Reading, LLC, St. Joseph Health Network, Suzanne

---

[*] Retired Senior Judge assigned to the Superior Court.

Ellwanger Adam, D.O., and Barbara Ann Hopper, D.O. (hereinafter Appellees). We affirm.

We briefly summarize the facts and procedural history of this case as follows. On September 23, 2019, Appellant filed a complaint against the above-captioned parties asserting claims of direct and vicarious liability for professional negligence following her husband's death. On November 8, 2019, Appellant filed timely certificates of merit pursuant to Pa.R.C.P. 1042.3.[1] As

---

[1] Rule 1042.3 provides, in pertinent part:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard[.]

\*    \*    \*

(b)(1) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.

*(Footnote Continued Next Page)*

Appellant acknowledges, the heading of each certificate of merit asserted that claims were raised pursuant to both paragraphs (a)(1) and (a)(2) under Rule 1042.3. ***See*** Appellant's Brief at 4. However, the substance of each certificate of merit completely omitted the confirmatory language required by Rule 1042.3(a)(1) and "contained only language under paragraph (a)(2) but repeated that paragraph two times." ***Id.*** Thus, no certificate of merit was filed to support Appellant's claims for direct liability. The certificates of merit filed only supported claims for vicarious liability. Thereafter, as the trial court recounts:

> [Between November 27, 2019 and December 16, 2019, Appellees] filed petitions for judgment of *non pros* as to direct liability [alleging that Appellant filed defective certificates of merit]. [Appellant] filed responses in opposition to these petitions. [Appellant] argued exclusively that the certificates of merit against all [Appellees] were sufficient **as filed**. [Appellant] did not raise or acknowledge any errors with the filed certificates, and counsel did not request leave to file amended certificates.
>
> The [trial] court heard argument on January 28, 2020 regarding [Appellees'] petitions for *non pros*. [At argument, Appellant] again did not acknowledge any deficiency with the certificates, offer any excuse for the deficiencies, or request leave of court to

---

> (2) If a complaint raises claims under both subdivisions (a)(1) and (a)(2) against the same defendant, the attorney for the plaintiff, or the plaintiff if not represented, shall file
>
>> (i) a separate certificate of merit as to each claim raised, or
>>
>> (ii) a single certificate of merit stating that claims are raised under both subdivisions (a)(1) and (a)(2).

Pa.R.C.P. 1042.3.

file amended certificates. [The trial] court thereafter granted the petitions.

[Appellant] filed petitions to open [Appellees'] judgments of *non pros*. [Appellant] submit[ted] that the failures to include the correct verbiage to match the headings were not discovered until after the orders granting *non pros* were entered. After [] consideration of the petitions, [Appellees'] responses, briefs, [and] oral argument[, the trial] court denied [Appellant's] petitions [to open judgments of *non pros*] by order entered on June 8, 2021. Appellant appealed.[2]

Trial Court Opinion, 8/2/2021, at 2-3 (superfluous capitalization omitted; emphasis added).

On appeal, Appellant presents the following issues for our review:

I.      Whether the trial court abused its discretion and/or committed an error of law by misapplying the equitable considerations found in Pa.R.C.P. 126 and Pa.R.C.P. 3051, which address petitions to open a judgment of *non pros*, as recognized by [] **Sabo v. Worrall**, 959 A.2d 346 (Pa. Super. 2008), and its progeny[?]

II.     Whether the trial court abused its discretion and/or committed an error of law when it failed to open a judgment of *non pros* and permit the filing of an amended certificate

_____

[2]  This matter originally began as four separate cases, but the trial court consolidated them upon stipulation of the parties. On June 23, 2021, Appellant filed timely notices of appeal and the appeal is properly before us. **See Bartolomeo v. Marshall**, 69 A.3d 610, 611 (Pa. Super. 2013), *citing* Pa.R.A.P. 311(a)(1) ("An order denying a petition to open a judgment of *non-pros*, while not disposing of all parties and all claims, is an interlocutory order immediately appealable as of right."); **see also Always Busy Consulting, LLC v. Babford & Co.**, 247 A.3d 1033, 1043-1044 (Pa. 2021) (filing a notice of appeal from a single order entered at the lead docket number for consolidated civil matters where all information necessary to adjudication of the appeal exists and involves identical parties, claims and issues does not run afoul of Pa.R.A.P. 341 or **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018)). Appellant filed a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 2, 2021.

of merit *nunc pro tunc* where Appellant offered a reasonable explanation for failure to file a correctly worded certificate of merit and Appellant substantially complied with the certificate of merit rule[?]

III. Whether the trial court abused its discretion and/or committed an error of law when it concluded that [Appellant] did not prove a cause of action under Pa.R.C.P. 1042.3(a)(1)[?]

Appellant's Brief at 2 (complete capitalization omitted).

Appellant's three appellate issues are interrelated and, therefore, we will examine them together. Generally, Appellant argues that the trial court erred by denying her petitions to open four judgments of *non pros*. Appellant explains:

Pursuant to Pa.R.C.P. 1042.3(b)(1), a separate certificate of merit was filed [by Appellant] for each licensed professional and organization against whom claims were asserted. Pursuant to Pa.R.C.P. 1042.3(b)(2)(ii), [each] single certificate of merit stated that claims were raised in both subparagraphs (a)(1) and (a)(2). Although ... the heading of [each] certificate of merit [stated] that claims were raised covering both paragraphs (a)(1) and (a)(2) of Pa.R.C.P. 1042.3, the verbiage [in the body of each certificate] contained only language under paragraph (a)(2) but repeated that paragraph two times. This was a clerical error wherein the first paragraph should have contained the verbiage under (a)(1) and the second paragraph should have contained the verbiage under (a)(2).[3]

\* \* \*

The [trial] court concluded …. that [Appellant] failed to timely provide certificates of merit for any claims of direct liability under [Pa.R.C.P. 1042.3](a)(1). The [trial] court noted that oral

---

[3] Appellant argues that the clerical error resulted when lead counsel forwarded the original, correct certificates of merit to local counsel who then retyped the certificates incorrectly for electronic filing with the trial court. Appellant's Brief at 5.

argument was heard and that the error was not discovered [by Appellant] until after entry of judgment.

[In ruling on Appellant's petitions to open judgment[s of] *non pros*, the trial court] acknowledged that [Appellant] filed petitions to open promptly, but then found that [Appellant] did not reasonably explain or explain the "default" or show that facts exist which support a cause of action under [Pa.R.C.P. 1042.3](a)(1). The [trial] court went on to state that [Appellant] did not substantially comply with the procedural rule requiring a certificate of merit be filed and that [Appellant] had not reasonably explained the reasons for default. The [trial] court concluded that [Appellant's] explanation of clerical error was waived because it was not raised until after the entry of judgment and after oral argument. The [trial] court commented that [Appellant] never demonstrated she had a cause of action [pursuant to Pa.R.C.P. 1042.3](a)(1) and its decision on the *non pros* was correct because [Appellant] still has viable claims pending [on] other theories of negligence.

*Id.* at 4-6 (record citations and superfluous capitalization omitted). Appellant argues that the trial court abused its discretion or erred as a matter of law when it concluded that she did not prove a cause of action for direct liability under Rule 1042.3(a)(1) because, at this preliminary stage of the proceedings, "the requirement that a plaintiff allege facts showing a meritorious cause of action is satisfied if the claim, as pleaded, and provided at trial, would entitle [her] to relief." *Id.* at 27. Finally, Appellant suggests that Pa.R.C.P. 126[4] "permits a court to excuse non-compliance with a

_____

[4] Rule 126 provides:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of

*(Footnote Continued Next Page)*

- 9 -

[procedural] rule if the non-conforming party made significant efforts to substantially comply with the rule." *Id.* at 23.

Citing various Pennsylvania appellate court decisions, Appellant argues that "cases about the [c]ertificate of [m]erit rule establish that judgments of *non pros* entered as a result of an attorney's oversight, as opposed to a deliberate disregard of the rules, should ordinarily be opened." *Id.* at 10. Appellant further maintains that the Rules of Civil Procedure provide equitable exceptions to "give a trial court discretion to excuse a party's unintentional failure to comply with any procedural rule, including the [c]ertificate of [m]erit rule, [Appellant maintains that equitable considerations support her contention that counsel's] oversight was excusable and thus, the judgment of *non pros* should have been opened." *Id.* at 18. Appellant also asserts that she substantially complied with Rule 1042.3. *Id.* at 20. Appellant claims she "should be granted leave to correct the clerical error by filing an amended certificate of merit *nunc pro tunc*." *Id.* at 26. Finally, Appellant contends the trial court abused its discretion by concluding Appellant did not prove a cause of action under Pa.R.C.P. 1042.3(a)(1). *Id.* at 27-34. "[Appellant] submits that the facts pled against [Appellees], if proven at trial, would entitle her to relief." *Id.* at 33. Appellant asserts that "the allegations of her [c]omplaint together with counsel's certification that she secured a written statement from

procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126.

- 10 -

an appropriately licensed professional are sufficient to satisfy her burden of establishing a meritorious cause of action[.]" *Id.*

"The standard governing our review of a trial court decision to deny a petition to open a judgment of *non pros* is one of abuse of discretion." *Florig v. Estate of O'Hara*, 912 A.2d 318, 323 (Pa. Super. 2006) (citations omitted). "A trial court will be found to have abused its discretion if, in reaching its conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will." *Id.* at 323–324 (citation omitted).

"Relief from a judgment of *non pros* shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition." Pa.R.C.P. 3051(a). To open a judgment of *non pros*, the petition shall allege facts showing that:

> (1) the petition is timely filed,
>
> (2) **there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*,** and
>
> (3) there is a meritorious cause of action.

Pa.R.C.P. 3051(b)(1-3) (emphasis added).

> In interpreting Rule 3051, this Court has stated that:
>
> in order for the judgment of *non pros* to be opened, three elements must coalesce: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist which support a cause of action. *Jung v. St. Paul's Parish*, 560 A.2d 1356, 1358 (Pa. 1989); Pa.R.C.P. 3051.

- 11 -

***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380, 381 (Pa. Super. 2011).

Here, the trial court concluded that Appellant filed her petitions to open promptly but did not reasonably explain or excuse the default or delay in corrective action that gave rise to the entry of judgment. Trial Court Opinion, 8/2/2021, at 4. The trial court determined:

> [Appellant] was put on notice of the defects on the certificates of merit from all four health-care providers. Their petitions [requesting the entry of judgment *non pros*] provided all the necessary information to correct the deficient certificates of merit prior to filing any response to the petitions, prior to oral argument, and prior to the entry of the judgments. There is no excuse for why [Appellant] did not discover any defects earlier; instead, [Appellant] simply denied all four petitions that stated identical problems by alleging that the certificates of merit were correct. Thus, [Appellant] did not make any effort to determine whether the allegations in [the four] petitions [for entry of judgment *non pros*] were true. [Appellant] simply labeled [the] allegations as being "misguided."

***Id.*** at 5 (some capitalization omitted).

The quoted language makes clear that the trial court did not deny Appellant's petitions to open simply because the certificates on file contained oversights or were defective. Instead, the trial court made clear that despite ample notice regarding deficiencies in the certificates on file, counsel for Appellant simply labeled defense allegations as "misguided" and steadfastly refused to take corrective action such as reviewing the materials on file, ascertaining the nature of the identified omissions, and/or requesting leave to amend the certificates of merit.

Additionally, the trial court found Appellant's excuse for noncompliance with Rule 1042.3, that there was a scrivener's error when electronically filing, "ridiculous" because "the [c]ertificates of [m]erit did not magically transform somewhere along the digital pathway from [counsel for Appellant's] computer to the Berks County Prothonotary's computer system." *Id.* Essentially, the trial court found incredible Appellant's excuse that local counsel would retype forwarded certificates of merit for electronic filing.

We agree with the trial court's assessment that Appellant failed to reasonably explain or give a legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*. Here, on November 8, 2019, Appellant filed the certificates of merit at issue. Thereafter, between November 27, 2019 and December 16, 2019, Appellees filed petitions for entry of judgments *non pros*, alleging Appellant filed defective certificates of merit to support her medical professional direct liability claims because the certificates of merit omitted the confirmatory language of Rule 1042.3(a)(1). St. Joseph Health Network, for example, filed its petition for entry of judgment *non pros* on November 27, 2019. In that petition, St. Joseph Health Network averred that "[a]lthough [Appellant's] certificates of merit support the[] vicarious liability claims alleged within [] the complaint, [Appellant's] certificates [did] not support [Appellant's] claims of independent, corporate liability alleged directly [] within [] the complaint." St. Joseph Health Network Petition for Judgment *Non Pros*, 11/27/2019, at 5, ¶8. St. Joseph's petition set forth the exact language used in Appellant's certificate of merit, explained that the certificate

- 13 -

was defective because it merely repeated the language of Rule 1042.3(a)(2) without reference to Rule 1042.3(a)(1), and noted that Appellant did not file a separate certificate of merit. A copy of the allegedly defective certificate of merit was attached as an exhibit. ***Id.*** at 4-5, ¶7; ***see also id.*** at Exhibit B. The trial court held argument on the various petitions for entry of *non pros* judgments on January 28, 2020. There is no dispute that Appellant still did not acknowledge the defects at argument, and, instead, rested on the certificates of merit as filed. While Appellant initially may have harbored skepticism about Appellees' allegations, ordinary professional caution and curiosity would dictate that, in the intervening 60 days between Appellees' filings and oral argument before the trial court, Appellant should have reviewed the docketed filings to assess the validity of Appellees' claims. Two months passed after Appellant was first alerted to the alleged deficiencies and Appellant failed to take any action. As such, the trial court determined that counsel's persistent failure to even review the docketed filings, despite notice that they were deficient, transformed mere oversight into a deliberate failure to take necessary corrective actions that would allow the case to proceed to trial. The trial court entered *non pros* judgments in favor of Appellees on January 30, 2020. It was not until February 27, 2020 that Appellant filed her petitions to open, three months after Appellees alleged error with the certificates of merit.

Moreover, while we agree with Appellant that appellate courts have excused clerical errors and procedural missteps regarding certificates of merit,

- 14 -

upon review of the cases cited by Appellant, those decisions can be distinguished from the facts at hand. **See Almes v. Burket**, 881 A.2d 861 (Pa. Super. 2005) (counsel realized he missed the deadline for filing a certificate of merit **after** judgment of *non pros* was entered due to a family illness resulting in death and the Christmas holiday); **Womer v. Hilliker**, 908 A.2d 269 (Pa. 2006) (finding counsel served an expert report in discovery before the time limit in Pa.R.C.P. 1042 expired; the information provided included all of the information that Pa.R.C.P. No. 1042.3 required; failure to file the required certificate of merit was due to counsel's oversight or mistake; **counsel was not notified of the intent to secure the judgment of *non pros***; and, counsel promptly took steps to open the judgment after learning of its entry); **Sabo v. Worrall**, 959 A.2d 347, 352 (Pa. Super. 2008) (noting "the already prepared [certificate of merit] would have been submitted timely but for the paralegal's failure to file the [certificate of merit] with the prothonotary, which [Sabo's] **counsel believed had been accomplished until he received notice of the entry of a judgment of *non pros***."); **Estate of Aranda v. Amrick**, ¶ 3, 987 A.2d 727 (Pa. 2009) (petition to open properly ordered wherein the estate inadvertently filed 14 of 15 required certificates of merit, the defendant doctor who was the subject of the unfiled certificate praeciped for entry of judgment of *non pros*, and judgment was entered against the estate the same day without the benefit of a response). In those decisions, missing and/or defective certificates of merit were discovered only **after** the entry of judgment *non pros* and counsel had no

opportunity to take corrective action before the entry of judgment. In contrast, Appellant learned of the errors in her certificates of merit well **before** the entry of judgment of *non pros*, over two months before oral argument and the trial court entered judgments. Appellant did nothing to correct the error, causing the litigation to halt and prompting entry of judgments of *non pros*. Pursuant to the rule governing petitions to open, Appellant needed to allege facts showing there was "a reasonable explanation or legitimate excuse **for the conduct** that gave rise to the entry of judgment of *non pros*." Pa.R.C.P. 1035(b)(2) (emphasis added).

In this case, even if an alleged scrivener's error was initially a legitimate excuse for the defects, Appellant did not reasonably explain her conduct in obstinately insisting that the certificates of merit were correct long after receiving notice of obvious deficiencies. Appellees highlighted the deficiencies in their four petitions for judgments *non pros* filed between November 27, 2019 and December 16, 2019. The trial court held oral argument on the issue on January 28, 2020, but Appellant still claimed there was no error. Accordingly, we reject Appellant's suggestion that it was not until after the entry of *non pros* that the error was brought to Appellant's attention. Rather, despite prior notice of the certificate of merit defects, it was only after the trial court entered judgments of *non pros* that Appellant finally acknowledged the mistakes in her petition to open filed on February 27, 2020, three months after the errors were first brought to Appellant's attention. The trial court found such actions unreasonable under Rule 3051. On appeal, Appellant has

still not offered an explanation as to why she did nothing to correct the certificates of merit until after the entry of judgments of *non pros*. Based upon our standard of review, we discern no error of law or abuse of discretion and affirm the trial court's decision in this regard.[5]

Finally, we briefly address Appellant's contention that she is entitled to relief under the equitable considerations of Pa.R.Civ.P. 126 for substantial compliance with Rule 1042.3. Initially, we note that our Supreme Court has stated that "Pa.R.C.P. No. 1042.3 itself sets forth no exceptions, equitable or otherwise, to its terms." *Womer v. Hilliker*, 908 A.2d 269, 276 (Pa. 2006). Our Supreme Court found:

> It is self-evident that our Rules of Civil Procedure are essential to the orderly administration and efficient functioning of the courts. Accordingly, [our Supreme Court] expects that litigants will adhere to procedural rules as they are written, and [the Court] take[s] a dim view of litigants who flout them. *See Wood v. Garrett*, 46 A.2d 321, 323 (Pa. 1946). [Our Supreme Court has] always understood that procedural rules are not ends in themselves, and that the rigid application of our rules does not

---

[5] Since Appellant failed to offer a reasonable excuse for the default, we need not address whether there was a meritorious cause of action. *See U.S. Bank Nat'l Ass'n for Pennsylvania Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1028 (Pa. Super. 2017) ("If a petition to open a default judgment fails to fulfill any one prong of [the] test [to open judgment], then the petition must be denied."). Moreover, "[t]he order of a trial court may be affirmed on appeal if it is correct on any legal ground or theory, regardless of the reason or theory adopted by the trial court." *Alco Parking Corp. v. Pub. Parking Auth. of Pittsburgh*, 706 A.2d 343, 349 (Pa. Super. 1998) (citation omitted). "Where a trial court has reached the correct result, its order will be sustained if it can be sustained for any reason." *Id.* However, we do note that if proper certificates of merit had been filed, Appellant would have established a meritorious cause of action under the third prong of the test regarding a petition to open.

- 17 -

always serve the interests of fairness and justice. ***Pomerantz v. Goldstein***, 387 A.2d 1280, 1281 (Pa. 1978). It is for this reason that [our Supreme Court] adopted Rule 126, which provides in pertinent part that "[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126. With this language, [our Supreme Court] incorporated equitable considerations in the form of a doctrine of substantial compliance into Rule 126, giving the trial courts the latitude to overlook any "*procedural* defect" that does not prejudice a party's rights. ***Sahutsky v. H.H. Knoebel Sons***, 782 A.2d 996, 1001 (Pa. 2001) (*quoting* ***Kurtas v. Kurtas***, 555 A.2d 804, 806 (Pa. 1989) (emphasis in original)); ***Pomerantz***, 387 A.2d at 1281. Thus, while [courts] look for full compliance with the terms of [the procedural] rules, [there is] a limited exception under Rule 126 to those who commit a misstep when attempting to do what any particular rule requires. Moreover, [] Rule 126 [is] a rule of universal application, such that the trial court may disregard any such procedural defect or error at every stage of any action or proceeding to which the civil procedural rules apply. ***See id.*** Therefore, as a general proposition, Rule 126 is available in professional liability actions and may be applied to Pa.R.C.P. 1042.3, as long as its requirements, as [] articulated [], are met.

***Womer***, 908 A.2d at 276. The ***Womer*** Court rejected the argument that "the doctrine of substantial compliance in Rule 126 not only excuses a party who commits a procedural misstep in attempting to do that which a rule instructs, but also excuses a party who does nothing that a rule requires, but whose actions are consistent with the objectives he believes the rule serves." ***Id.*** at 278. Instead, our Supreme Court determined:

The equitable doctrine [] incorporated into Rule 126 is one of *substantial* compliance, not one of *no* compliance. [Our Supreme Court] reiterate[d] what our case law has taught: Rule 126 is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the procedure [] adopted to enhance the functioning of the trial courts.

- 18 -

*Id.* (emphasis in original). Here, as detailed at length above, Appellant made no attempt to conform with Rule 1042(a)(1) despite clear, advance notice of procedural defects. Before the trial court entered the judgments of *non pros*, Appellant completely disregarded Rule 1042(a)(1) and adamantly maintained that she had already taken the proper steps to satisfy the rule. Later, Appellant admitted that she had not followed the proper steps under Rule 1042(a)(1). As our Supreme Court has made clear, Rule 126 only applies when there is substantial compliance with the Rules of Civil Procedure. In this case, there was simply no compliance with Rule 1042(a)(1).

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/10/2022