J-S37013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RANDALL D. BUCHER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PENN STATE MILTON S. HERSHEY MEDICAL CENTER; D/B/A THE MILTON S. HERSHEY MEDICAL CENTER; D/B/A PENN STATE HERSHEY MEDICAL GROUP; DR. NUMBER 1; DR. NUMBER 2; DR. NUMBER 3; JOHN DOE #1; JOHN DOE #2; JANE DOE #1 | |
| Appellees | No. 1978 MDA 2016 |

Appeal from the Order Entered November 8, 2016
In the Court of Common Pleas of Dauphin County
Civil Division at No: 2016-CV-00370-MM

BEFORE:  STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:           **FILED AUGUST 15, 2017**

Appellant, Randall D. Bucher, appeals *pro se* from the November 8, 2016 order entered in the Court of Common Pleas of Dauphin County, denying his petition for relief from judgment of non pros.[1]  Appellant contends the trial court abused its discretion by denying relief because he

---

[1] We note at the outset that while "this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant.  Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citations omitted).

substantially complied with the certificate of merit requirements of Pa.R.C.P. 1042.3 in his medical negligence action against Appellee, Hershey Medical Center ("the Medical Center").[2]  Following review, we affirm.

Our review of the record reveals that Appellant received treatment at the Medical Center from January 15 through 29, 2014.  On January 14, 2016, Appellant initiated an action against the Medical Center by writ of summons and filed his complaint on April 13, 2016, alleging medical negligence.

As an action premised on a claim of professional negligence, Pa.R.C.P. 1042.3 required that Appellant file a certificate of merit within 60 days of the date he filed his complaint, *i.e.*, by June 12, 2016.  On May 18, 2016, the Medical Center filed a written notice of its intention to enter judgment of non pros thirty days after the filing of the notice if Appellant did not file the requisite certificate of merit as mandated by Rule 1042.3.

On June 13, 2016, Appellant filed a motion for extension of time to file a certificate of merit.  The motion was rejected for failure to comply with the Dauphin County rules of court.  Appellant filed a compliant motion on June 17, five days beyond the deadline for filing a certificate of merit.  In his

---

[2] The parties named as defendants in Appellant's *pro se* complaint included Penn State Milton S. Hershey Medical Center; d/b/a The Milton S. Hershey Medical Center; d/b/a Penn State Hershey Medical Group; Dr. Number 1; Dr. Number 2; Dr. Number 3; John Doe #1, John Doe #2; Jane Doe #1.  For sake of convenience, we shall refer to Appellees collectively as "the Medical Center."

motion, Appellant represented that he had attempted to obtain a case review. He also claimed the Medical Center redacted portions of his medical records. He asserted an extension was necessary to obtain all pertinent documentation for review by the appropriate licensed medical professionals.[3]

The Medical Center responded to Appellant's motion, disputing Appellant's alleged efforts to obtain a case review, denying any manipulation of Appellant's records, and contending Appellant had ample time to obtain his medical records. The Medical Center noted that Appellant previously signed authorizations for release of specific medical records on four occasions in August and September of 2014.[4] In response to those authorizations, the Medical Center produced 663 pages of medical records and one compact disc. *See* Appellant's Reproduced Record at 64a-75a. It is obvious Appellant knew how to obtain copies of his records and that he had the records he requested for approximately 21 months before his certificate of merit was due and before requesting an extension for providing a certificate of merit.

_____

[3] On July 28, 2016, more than a month after filing his motion for extension, Appellant requested complete, certified copies of his Medical Center records. In response, the Medical Center produced 2,665 pages of medical records. Medical Center Brief at 5; Medical Center Reproduced Record at 121a-22a.

[4] Appellant cited "continued medical care" as a reason for the record requests. *See* Appellant's Reproduced Record at 64a-75a.

Following argument, the trial court issued an order denying Appellant's motion. The court stated, in relevant part:

> This [c]ourt finds [Appellant] has failed to make a showing of good [cause] why the extension should be granted, as required by Pa.R.C.P. 1042.3(d). The care and treatment at issue took place in January 2014. Consequently, [Appellant] had nearly two-and-a-half years to gather medical records, obtain a case review, and produce a Certificate of Merit. He has not done so to date, and has not demonstrated he has taken any steps to do so in the near future.
>
> Further, we disagree with [Appellant's] contention that [the Medical Center] manipulated his medical records or redacted any part of them. Absent evidence, his assertion that [the Medical Center] has purposefully withheld his medical records cannot serve as the basis for granting his motion for extension. Accordingly, the motion is denied.

Trial Court Order, 9/23/16, at 1-2.

On October 5, 2016, judgment of non pros was entered against Appellant pursuant to Pa.R.C.P. 1042.6, in response to the Medical Center's praecipe. On October 17, 2016, Appellant filed a petition for relief from judgment of non pros pursuant to Pa.R.C.P. 3051. By order entered November 8, 2016, the trial court denied Appellant's petition. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to consider six issues in this appeal:

1. Whether or not the trial court properly applied the equitable considerations found in Pennsylvania Rules of Civil Procedure 126 and 3051, which address petitions to open and/or strike

a judgment of *non pros*, as recognized by this Court in **Sabo v. Worrall**, 959 A.2d 347 (Pa. Super. 2008)[?][5]

2. Whether or not the trial court abused its discretion in failing to open the judgment of *non pros* for [the Medical Center], where [Appellant] offered a reasonable explanation for his failure to file a timely certificate of merit? Also in consideration of pro se [Appellant's] infirmity[?][6]

3. Whether or not the trial court abused its discretion in failing to open the judgment of *non pros* for [the Medical Center], where [Appellant's] failure to file [a] timely Certificate of Merit was because of [the Medical Center's] concealment/redaction's (*sic*)/ denied viewing access of all certified medical records, and where [the Medical Center] was on notice of [Appellant's] intention to proceed in legal action against [it]?

4. Whether or not the trial court abused its discretion in failing to open the judgment of *non pros* for [the Medical Center] where [Appellant] substantially complied with the Certificate of Merit rule and [the Medical Center] suffered no prejudice?

5. Whether or not the trial court abused its discretion in failing to open the judgment of *non pros* for [the Medical Center] where [Appellant] substantially complied with the Certificate of Merit rule[?]

6. Whether or not fairness requires the opening of the judgment of *non pros* for [the Medical Center?]

---

[5] In **Sabo**, certificates of merit were prepared. However, they inadvertently were not filed due to an error or oversight on the part of counsel's paralegal. This Court held that such inadvertent mistake by counsel, via his paralegal, provided a reasonable explanation or excuse for the delay in filing the certificates. **Sabo** does not provide any support to Appellant's "equitable considerations" argument.

[6] It is not clear what Appellant means by his "*pro se* infirmity." However, as noted above, his *pro se* status does not confer any special benefit on him and does not excuse his failure to comply with our procedural rules. **See** n. 1, *supra.*

- 5 -

Appellant's Brief at 1 (unnumbered).

Although Appellant has presented six issues for our consideration, each of those issues challenges the trial court's denial of Appellant's petition to open the judgment of non pros. "When reviewing the denial of a petition to strike and/or open a judgment of *non pros,* we will reverse the trial court only if we find a manifest abuse of discretion." ***Varner v. Classic Communities Corp.***, 890 A.2d 1068, 1072 (Pa. Super. 2006) (citing ***Yee v. Roberts***, 878 A.2d 906, 910 (Pa. Super. 2005), *appeal denied*, 901 A.2d 499 (Pa. 2006)); ***Hoover v. Davila***, 862 A.2d 591, 593 (Pa. Super. 2004). A petition to open a judgment of non pros must allege that the petition is timely filed, that there is a reasonable explanation or legitimate excuse for the conduct giving rise to the entry of judgment of non pros, and that there is a meritorious cause of action. Pa.R.C.P. 3051(b).

In his petition, Appellant alleged that his petition was timely filed and that he has a meritorious cause of action. Appellant's Petition for Relief, 10/17/16, at ¶¶ 3-4. Assuming for purposes of our review that those assertions are sufficient under Rule 3051(b), we shall examine the petition to ascertain whether the trial court abused its discretion by finding Appellant did not provide a reasonable explanation or legitimate excuse for failing to file a certificate of merit, the conduct that led to entry of non pros.

Appellant contends his failure to file a certificate of merit resulted from the Medical Center's withholding of medical documents and repeated refusals

to permit Appellant to view and compile a list of necessary documents. *Id.* at ¶¶ 9-15. He asserts that various records were missing and were deliberately withheld from the trial judge by the Medical Center. *Id.* at ¶¶ 15-16; 19-20. He claims he will proceed with a case review and file certificates of merit after the Medical Center provides certified, unaltered copies of his medical records. *Id.* at ¶¶ 17-18. He maintains that he has been in contact with "multiple case review companies and is fully prepared to move forward with a proper case review upon receipt of complete and accurate medical records." *Id.* at ¶ 18.

Despite Appellant's assertions to the contrary, it is clear he obtained certain medical records in August and September 2014 pursuant to authorizations he signed. As noted above, it is obvious Appellant knew how to ask for and obtain copies of his records from the Medical Center and that he obtained more than 660 pages of those records in 2014. He does not explain his failure to seek a review based on the records he did obtain, nor did he request additional medical records—to supplement those obtained with authorizations—before the certificate of merit deadline. It was not until July 28, 2016, six weeks after the deadline, that he requested his complete medical records. In response, on August 1, 2016, the Medical Center

provided 2,665 pages of records.[7] Even so, as of the September 21, 2016 hearing on Appellant's petition for an extension, Appellant was still talking about seeking a review. He does not suggest that a review had been initiated as of that time or that he had even engaged the services of a reviewer. Instead, he simply indicates he planned to seek a review through an entity he identified as "JDMD" once he had the necessary medical records.

Appellant suggests that he substantially complied with Rule 1042.3. He further suggests that any inadvertent failure to file a timely certificate of merit is excusable under Pa.R.C.P. 126, which provides for liberal construction of procedural rules and permits a court to disregard procedural errors or defects that do not affect the substantial rights of the parties. However, as the Medical Center correctly observes, Rule 126 "requires a substantial attempt to conform and is not available to one who 'disregards the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the procedure.'" Appellees' Brief at 16 (quoting **Womer v. Hilliker**, 908 A.2d 269, 278 (Pa. 2006) (additional citations omitted)).

---

[7] At the September 21, 2016 hearing, counsel for the Medical Center stated that the Medical Center also provided Appellant a complete set of his medical records on August 31, 2016 as a courtesy and that Appellant signed for those records on September 6, 2016. The Medical Center produced the records despite the lack of any formal or even informal discovery request by Appellant. Therefore, it appears Appellant received two complete sets of his medical records in 2016 in addition to the records he obtained in 2014.

There is simply nothing in the record to support a finding that Appellant substantially complied with Rule 1042.3 or took steps that would implicate Rule 126.

We find no abuse of discretion—and certainly no manifest abuse of discretion—on the part of the trial court for concluding Appellant failed to offer a reasonable explanation or legitimate excuse for failing to comply with Pa.R.C.P. 1042.3. Therefore, we shall not disturb the trial court's order denying relief from judgment of non pros.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2017