J-A20002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SCOTT ZUKOWSKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER C. JEAN | : | No. 1899 EDA 2024 |

Appeal from the Order Entered June 13, 2024
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2024-C-0039

BEFORE:   MURRAY, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                **FILED SEPTEMBER 18, 2025**

Scott Zukowski (Appellant) appeals, *pro se*, from the order denying his petition to open or strike the judgment of *non pros* entered in favor of Walter C. Jean, M.D. (Dr. Jean), in this professional negligence action.  After careful review, we affirm.

Appellant, *pro se*, initiated the underlying action on January 4, 2024, by filing a praecipe for writ of summons, naming Dr. Jean as the sole defendant. Dr. Jean was promptly served with the writ of summons.[1]  On January 11, 2024, Dr. Jean filed a praecipe for rule to file a complaint within 20 days.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The sheriff's return of service states the sheriff served Dr. Jean on January 5, 2024.  The return of service was docketed on January 10, 2024.

On February 9, 2024, Appellant filed a complaint, asserting causes of action for battery, negligence, misrepresentation under the Medical Care Availability and Reduction of Error (MCARE) Act,[2] and medical malpractice. Appellant claimed he was referred to Dr. Jean, a neurological surgeon employed by Lehigh Valley Health Network, for treatment of a hemifacial spasm. Complaint, 2/9/24, ¶ 2; *see also id.*, ¶ 3 ("[I]t was a constant twitching or winking on the right side of my face."). Appellant underwent microvascular decompression surgery on January 5, 2022. *Id.*, ¶¶ 4-5. Appellant's causes of action arise from his allegation that Dr. Jean initially informed Appellant he would insert a Teflon pad between an artery in his brain and the nerve against which the artery was pressing. *Id.*, ¶ 4. However, Appellant argued, Dr. Jean first—and unsuccessfully—attempted to use a Gore-Tex slip or graft for the procedure, without informing Appellant. *Id.*, Counts I – III.

"After surgery, [Appellant] had no more facial spasms…." *Id.*, ¶ 7. However, two months after surgery, Appellant suffered from "headaches, surgical site pain, jaw issues, balance problems[,] and hearing loss." *Id.*, ¶ 8; *see also id.*, ¶ 10 (Appellant stating that in March 2022, he was diagnosed with 100% hearing loss in his right ear), ¶ 11 (Appellant arguing he was diagnosed with cognitive losses in January 2023, and he still suffers from

_____

[2] 40 P.S. §§ 1303.101 – 1303.1115.

"short-term memory loss, headaches, jaw issues, surgical site pain[,] and balance problems."). Appellant sought recovery for damages he sustained as a result of the surgery, including nerve damage and deafness. **Importantly, Appellant did not attach to his complaint a certificate of merit or written statement from an appropriate licensed professional, nor did he do so within 60 days after the filing of the complaint.** *See* Pa.R.C.P. 1042.3(a) (requiring the plaintiff in a professional liability action to file a certificate of merit "with the complaint or within sixty days after the filing of the complaint"), (e) ("If a certificate of merit is not signed by an attorney, the party signing the certificate of merit shall … attach to the certificate of merit the written statement from an appropriate licensed professional…."). 

On March 13, 2024, Dr. Jean filed a notice of his intent to enter a judgment of *non pros* based on Appellant's failure to file the requisite written statement from an appropriate licensed professional. *See* Pa.R.C.P. 1042.11(a) ("A defendant seeking to enter a judgment of *non pros* under Rule 1042.12 shall file a notice of intent to enter a judgment of *non pros* for failure to file a written statement from an appropriate licensed professional with the certificate of merit.").[3]

---

[3] Though Appellant also failed to attach a certificate of merit, Dr. Jean's request for judgment of *non pros* cited only Rule 1042.11 (concerning a plaintiff's failure to file a written statement from an appropriate licensed professional).

Appellant filed a response on April 12, 2024. Therein, Appellant argued the requirement that he file a certificate of merit was "pre-mature, discriminatory[,] and an undue burden at this stage of the case." Response to Notice of Intent, 4/12/24, at 2 (unpaginated). Appellant also argued Dr. Jean had not answered the complaint, and the parties had not yet engaged in discovery. *See id.* at 1 (unpaginated). Additionally, Appellant asserted he has "cognitive and physical disabilities" and needs accommodations under Title II of the Americans with Disabilities Act (ADA)[4] "to facilitate communication and time to establish facts." *Id.* at 2 (unpaginated). Appellant still did not file a certificate of merit or formally request an extension of time to do so.

Subsequently, on April 16, 2024, Dr. Jean filed a praecipe for judgment of *non pros* pursuant to Pa.R.C.P. 1042.11. The prothonotary entered a judgment of *non pros* against Appellant, and in favor of Dr. Jean, on the same date.

On April 22, 2024, Appellant filed a *pro se* petition to open or strike the judgment of *non pros*. Therein, Appellant reiterated the concerns he raised in response to Dr. Jean's Rule 1042.11(a) notice. Appellant argued the trial court has authority to extend the time for filing a certificate of merit. Appellant attached as exhibits (1) a "plan of care" drafted by a case manager concerning

_____

[4] 42 U.S.C.A. §§ 12101-12213.

Appellant's post-operation discharge from the hospital, and (2) notes from a medical appointment with an audiologist.[5]  **See** Petition to Open, 4/22/24, Exhibits 7, 8.  Dr. Jean filed a response.

In June 2024, the trial court heard oral argument on Appellant's petition to open or strike.[6]  On June 13, 2024, the trial court denied Appellant's petition to open or strike the judgment *non pros*.

Appellant filed a timely notice of appeal.  On July 16, 2024, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days.  In response, Appellant filed a "letter and summary" on August 5, 2024.[7]  The trial court then filed a Rule 1925(a) opinion.

_____

[5] Both exhibits appear to be screenshots taken from a web- or mobile app-based health portal.

[6] During the hearing, the court permitted real-time transcription of the proceedings, which Appellant could view on a monitor.  **See** N.T., 6/4/24, at 2-3.

[7] While Appellant's response to the trial court's concise statement order does not adhere to the traditional format of a Rule 1925(b) concise statement, we conclude it appropriately apprises the trial court of the arguments Appellant advances on appeal.  **See** Pa.R.A.P. 1925(b) (providing a trial court may enter a concise statement order if it "desires clarification of the errors complained of on appeal"); **see also Tucker v. R.M. Tours**, 939 A.2d 343, 346 (Pa. Super. 2007) (explaining the requirements of Rule 1925(b) are satisfied when the statement is "concise and coherent as to permit the trial court to understand the specific issues being raised on appeal." (internal quotation marks omitted)); **Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 761 (Pa. Super. 2021) (recognizing that this Court may liberally construe materials filed a *pro se* litigant).

On appeal, Appellant generally challenges the trial court's denial of his petition to open or strike the judgment of *non pros* entered against him.[8] ***See*** Appellant's Brief at 8-17. Appellant argues he requires access to certain medical records in order to obtain a certificate of merit. ***See id.*** at 10. According to Appellant, his inability to obtain these records constitutes good cause to open the judgment *non pros*, or for an extension of time to file the certificate of merit. ***See id.***[9, 10]

_____

[8] Appellant's brief does not include a separate Pa.R.A.P. 2116(a) statement of questions involved. We additionally observe Appellant's failure to comply with Rules 2111(a)(3) (statement of scope and standard of review in appellant's brief), 2114 (statement of jurisdiction), 2115 (order or other determination in question). After Dr. Jean highlighted these deficiencies in his appellee's brief, Appellant filed a reply brief, in which he included the previously-omitted sections.

[9] Appellant's arguments are minimally developed and fail to address the standards for evaluating petitions to open or strike a judgment of *non pros*. We could deem Appellant's claims waived on this basis. ***See*** Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); ***see also Lackner v. Glosser***, 892 A.2d 21, 29 (Pa. Super. 2006) (stating that "arguments which are not appropriately developed are waived"). Nevertheless, we will address Appellant's claims to the extent we can discern them.

[10] Appellant's argument conflates the distinct remedies of opening and striking a judgment of *non pros*. "It is well-established that a motion to strike off a judgment of *non pros* challenges only defects appearing on the face of the record and that such a motion may not be granted if the record is self-sustaining." ***Varner v. Classic Communities Corp.***, 890 A.2d 1068, 1072 (Pa. Super. 2006) (citation omitted). Appellant makes no argument that a defect appears on the face of the record. Thus, we limit our analysis to Appellant's arguments concerning the petition to open the judgment of *non pros*.

Appellant also argues that under the circumstances of this case, the entry of a judgment of *non pros* against him does not fulfill the purpose of Rule 1042.3, *i.e.*, to prevent frivolous medical malpractice lawsuits.[11]  ***See id.*** at 16.  Again, Appellant complains he needs his medical records in order to discern the proper standard of care, find a comparable expert, and find an attorney to represent him in this matter.  ***See id.*** at 16-17; ***see also id.*** at 17 n.9 (citing N.T., 6/4/24, at 32 (Appellant stating, "When I read the … time frame for discovery, I believe it gave approximately a year for discovery to be completed and have all the appropriate medical records that were requested by [Dr. Jean] and [his] attorney so that I could even begin to proceed with

_____

[11] Indeed, our Supreme Court has explained the increased frequency of malpractice actions was the impetus for the January 2003 adoption of the Rules of Civil Procedure governing professional liability claims.  ***See Womer v. Hilliker***, 908 A.2d 269, 275 (Pa. 2006).  The ***Womer*** Court described the benefits of the certificate of merit requirement:

> On the one hand, the presence in the record of a [certificate of merit] signals to the parties and the trial court that the plaintiff is willing to attest to the basis of his malpractice claim; that he is in a position to support the allegations he has made in his professional liability action; and that resources will not be wasted if additional pleading and discovery take place.  ***See*** Pa.R.C.P. [] 1042.4, Pa.R.C.P. [] 1042.5.  On the other hand, **the absence from the record of a** [**certificate of merit**] **signals to the parties and the trial court that none of this is so and that nothing further should transpire in the action, <u>except for the lawsuit's termination</u>**.  ***See*** Pa.R.C.P. [] 1042.6.

***Id.*** at 275-76 (footnote omitted; emphasis added).

finding an expert with the same abilities as Dr. Jean to review the medical records.")).

"A trial court's decision to deny a petition to open … a judgment of *non pros* is scrutinized on the abuse of discretion standard of appellate review." ***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380, 382 (Pa. Super. 2011).

Turning first to Appellant's request to open the judgment of *non pros*, we note such a request "is in the nature of an appeal to the equitable powers of the court…." ***Bartolomeo v. Marshall***, 69 A.3d 610, 613 (Pa. Super. 2013). A petition to open a judgment of *non pros* is governed by Pa.R.C.P. 3051, which requires a petition to

> allege facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*, and (3) there is a meritorious cause of action.

Pa.R.C.P. 3051(b).

There is no dispute that Appellant timely filed his petition to open. ***See*** Appellee's Brief at 18. However, the trial court concluded that Appellant failed to establish the second and third requirements, citing the clear dictates of Pa.R.C.P. 1042.3. ***See*** Trial Court Opinion, 8/21/24, at 4-6. We agree.

Rule 1042.3 governs the requirement for certificates of merit in professional negligence cases:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of

the complaint, a certificate of merit signed by the attorney or party that either

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.C.P. 1042.3(a). The official note under subsection (a)(1) requires that an "appropriate licensed professional"

> be an expert with sufficient education, training, knowledge and experience to provide credible, competent testimony, or stated another way, the expert who supplies the statement must have qualifications such that the trial court would find them sufficient to allow that expert to testify at trial. …

*Id.*, Note.[12]

Rule 1042.3's requirements are mandatory. *See Womer*, 908 A.2d at 270 ("Rule 1042.3 is clear and unambiguous in its mandate that in every professional liability action[,] a specific representation about the plaintiff's claim must be filed in the official record in a document called a 'certificate of merit'….").

_____

[12] *See also* 40 P.S. § 1303.512 (the MCARE Act's requirements concerning expert qualifications).

Moreover, Pa.R.C.P. [] 1042.3(d)[13], which allows for the filing and granting upon good cause shown of a motion to extend the time for filing a [certificate of merit], sets forth the **one and only step that a plaintiff is to take** if he finds himself unable to secure a [certificate of merit] and desires to avoid the consequences of not satisfying Rule 1042.3(a)'s [certificate of merit] filing requirement in a timely fashion.

***Womer***, 908 A.2d at 270 (footnote and emphasis added).

Here, Appellant did not file—with his complaint or within sixty days thereafter—a certificate of merit and a written statement from an appropriate licensed professional as required by Rule 1042.3. Appellant argues in his appellate brief that he should be permitted additional time to submit a certificate of merit. However, Appellant did not avail himself of the "one and only step" to obtain an extension of time to file the requisite certificate of

_____

[13] Rule 1042.3(d) provides as follows:

The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of intention to enter judgment of *non pros* on a professional liability claim under Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit, whichever is greater. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

*Note*: There are no restrictions on the number of orders that a court may enter extending the time for filing a certificate of merit provided that each order is entered pursuant to a new motion, timely filed and based on cause shown as of the date of filing the new motion.

Pa.R.C.P. 1042.3(d), Note.

merit, *i.e.*, filing a motion to extend the time for filing under Rule 1042.3(d). Though Appellant filed a response to Dr. Jean's notice of intention to enter judgment of *non pros*, he did not formally request an extension of time to file a certificate of merit.

Appellant has repeatedly argued, in the trial court and on appeal, that he was unable to obtain a certificate of merit without first participating in discovery.

Our Rules of Civil Procedure clarify that,

> [e]xcept for the production of documents and things or the entry upon property for inspection and other purposes, **a plaintiff who has asserted a professional liability claim may not, without leave of court, seek any discovery with respect to that claim prior to the filing of a certificate of merit**.

Pa.R.C.P. 1042.5 (emphasis added); *see also id.*, Note ("Upon motion seeking leave of court, the court shall allow any discovery which is required for a licensed professional to make a determination as to whether a defendant deviated from accepted professional standards."). Based on the clear language of Rule 1042.5, Appellant's desire for additional discovery cannot constitute a reasonable explanation, or legitimate excuse, for failing to file a certificate of merit and written statement by an appropriate licensed professional.

As the trial court stated, Appellant's "assertion that he is *pro se* and his explanation about varying circumstances, including personal disabilities, which certainly sympathetic, do not excuse Appellant from the need to comply

with the rules governing a medical malpractice action where he has elected to pursue litigation." Trial Court Opinion, 8/21/24, at 6. We reiterate that this Court liberally construes a party's *pro se* filings. **See Smithson**, 264 A.3d at 760. Nevertheless, we emphasize

> *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. Any layperson choosing to represent himself or herself in a legal proceeding must, to some reasonable extent, assume the risk that his or her lack of expertise and legal training will prove his or her undoing.

**Id.** (citations, quotation marks, and brackets omitted).

In sum, Appellant has not established a reasonable explanation for his failure to comply with Pa.R.C.P. 1042.3(a) by filing a certificate of merit. **See Yee v. Roberts**, 878 A.2d 906, 909-10 (Pa. Super. 2005) (concluding the appellant's proffered explanation for delay in filing a certificate of merit in a dental malpractice action—that the defendants filed preliminary objections and the appellant's expert needed additional time to respond to defendants' allegations—did not constitute a reasonable explanation, particularly where the appellant did not seek an extension of time under Rule 1042.3(d)). **Cf. Sabo v. Worrall**, 959 A.2d 347, 352 (Pa. Super. 2008) (concluding the appellant provided a reasonable explanation or legitimate excuse for delay in filing a certificate of merit in a medical malpractice action, where the appellant's attorney had prepared the certificate of merit and mistakenly believed his paralegal filed the certificate). Additionally, Appellant never sought leave of court to extend the time for filing the requisite certificate of

merit. For the foregoing reasons, we discern no abuse of the trial court's discretion in denying Appellant's petition to open the judgment of *non pros*.

Appellant additionally argues, as he has throughout the course of the underlying proceedings, that he is entitled to reasonable accommodations under Title II of the ADA.[14] ***See*** Appellant's Brief at 8, 10, 12; ***see also*** Appellant's Reply Brief at 8-10, 11, 15. Appellant appears to claim the trial court should have helped facilitate the release of Appellant's medical records. Appellant's Brief at 12.

We emphasize that no formal claim for violation of Title II is before this Court for review. There is no indication from the record that Appellant ever filed a formal request for accommodation in either the trial court or in this

---

[14] Title II of the ADA applies to public entities, which include, *inter alia*, state and local governments, as well as their departments and agencies. 42 U.S.C.A. § 12131. Our state court system is a public entity under the Title II definition. ***See id.***; ***see also*** State and Local Governments, ADA.GOV, https://www.ada.gov/topics/title-ii (last visited Aug. 19, 2025) (indicating courts must comply with the ADA under Title II); Americans with Disabilities Act, THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA, https://wwwsecure.pacourts.us/judicial-administration/court programs/americans-with-disabilities-act (last visited Aug. 19, 2025) ("The Unified Judicial System of Pennsylvania complies with Title II of the [ADA], which mandates that people with disabilities shall not be denied access to court facilities and programs because of their disability. It is the policy of the Unified Judicial System [] to prohibit discrimination against any individual with a disability, as defined by the [ADA] in accessing or participating in judicial proceedings or other services, programs or activities of the Unified Judicial System."). Under section 12132, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." ***Id.***, § 12132.

Court.  ***See generally*** *Americans with Disabilities Act*, THE UNIFIED JUDICIAL

SYSTEM OF PENNSYLVANIA, https://www.pacourts.us/judicial-

administration/court-programs/americans-with-disabilites-act (instructing

individuals seeking an ADA accommodation to submit a form titled "Americans

with Disabilities Act Accommodation (ADA) Title II Request for Reasonable

Accommodation Form," which must include a description of the disability and

a statement of the accommodation being requested).  Nor did Appellant

litigate a claim for violation of Title II to the ADA.[15, 16]

_____

[15] A plaintiff asserting a violation of Title II of the ADA must establish the following:

> (1) he is a qualified individual with a disability; (2) he was either excluded or otherwise denied the benefits of some public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability.

***Kenneth S. Hantman, Inc. v. Office of Unemp't Comp. Tax Servs.***, 928 A.2d 448, 452-53 (Pa. Cmwlth. 2007).

[16] We note briefly that, in his reply brief, Appellant cites 28 C.F.R. § 35.160, which, in part, provides "[a] public entity shall take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others."  ***Id.*** § 35.160(a)(1).  The text of section 35.160 ensures a disabled individual has the ability to participate in a public entity's service or activity.  However, Appellant cites no relevant law (and our own search reveals none) which would suggest Title II of the ADA imposes upon a public entity the duty to communicate with a third-party, private entity <u>on behalf of</u> a disabled individual.  ***See V.L.-P. v. S.R.D.***, 288 A.3d 502, 523 (Pa. Super. 2023) (explaining that this Court will not act as counsel).

- 14 -

Based upon the foregoing, we affirm the trial court's order denying Appellant's petition to open or strike the judgment of *non pros* entered against him.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/18/2025